HOLLINGSWORTH & MORAQUE, plaintiffs in error, *vs.* THE GERMANIA, NIAGARA, HANOVER & REPUBLIC FIRE INSURANCE COMPANIES, defendants in error.

1. An Insurance company which reserves *to itself* the right to cancel its policies upon return of the unearned premium, must pay or tender such premium to the assured before it can relieve itself of liability on the policy. Notice of its intention to cancel, with mere announcement of its readiness to pay, is insufficient.

2. Surrender of the policy for cancellation prior to the loss, and subsequent payment of the unearned premium to the assured, and acceptance by him, after destruction of the property insured, both parties being ignorant of the loss, will not release the company from liability.

Insurance. Tried before Judge PARROTT. Floyd Superior Court. July Term, 1871.

The facts are in the opinion. Judge Parrott charged that the notification by the agent of the insurers to the agent of the assured that he was ready to refund the unearned premium, canceled the policy without an actual payment of the same to him. There was a verdict for the defendant, and a new trial was refused.

PRINTUP & FOUCHE; UNDERWOOD & ROWELL, for plaintiffs in error. The policy was not canceled: 2 Cr. Sc. R., 127; Ang. on Ins., sec. 1991; Phil. on Ins., 2577; 47 Ill. R., 516; 55 Barb. N. Y. R., Hawthorn *vs.* Ger. Ins. Co.

SMITH & BRANHAM, for defendant.

Hollingsworth & Moraque *vs.* Germania, etc. Insurance Companies.

MONTGOMERY, Judge.

The policy sued on in this case contained the following provision: "This insurance may be terminated at any time at the request of the assured, in which case the company shall retain only the customary short rates for the time the policy has been in force. The insurance may also be at any time terminated at the option of the companies, on giving notice to that effect, and *refunding a ratable proportion of the premium for the unexpired term of the policy.*"

The insurance was effected in Rome, Georgia, on goods in Gadsden, Alabama. The companies elected to cancel the policy unless the assured would pay an additional premium, which they declined to do. The companies' agent notified the assured to forward their policy to Rome, for cancellation, and he would refund the unearned premium. The policy was forwarded from Gadsden, on January 15th, 1868, and received by the agent on the 17th or 18th of the same month, with instructions to pay the unearned premium to the plaintiffs' agents in Rome. He notified the plaintiffs' agents that he was ready to pay them, but did not in fact pay them until February 27th, more than a month after the receipt of the policy by him. The goods were burned on the night of February 25th. On the morning of the 28th of February, before it was known in Rome that the loss had occurred, the agent of the companies met one of the plaintiffs in Rome, and notified him of the payment to his agents, with which he expressed himself satisfied. A few hours afterwards the news of the loss reached Rome, and the plaintiffs refused to receive the money from their agents, and brought the present suit.

1. Do the facts exonerate the companies? We think not. Their contract was that they might cancel "on giving notice to that effect, and refunding a ratable proportion of the premium for the unexpired term of the policy." They gave the notice, but they did not refund until the loss had occur-

red.   On the contrary, they failed to comply with the conditions of their contract for more than a month after the plaintiffs had done all that was required of them.   It is not pretended that they tendered the money, and that plaintiff's agents refused to receive it:   The Peoria Marine and Fire Insurance Company *vs.* Botts, 47 Illinois Reports, 516; Hawthorn *vs.* Germania Insurance Company, 55; Barbour's New York Reports cited in 9 Volume American Law Register, page 385.

But it is insisted, for the companies, that the policy expired when it was surrendered for cancellation; and the case of *Sullivan vs. Massachusetts Mutual Fire Insurance Company,* 2 Massachusetts Reports, 318, is relied on as sustaining this view. There the property was alienated some time before the surrender; and the liability of the company as insurer ceased on alienation. Their charter bound them to refund unearned premiums, on surrender of the policy; which they refused to do, because it had not been surrendered within one year from the termination of their liability as insurers by the alienation, in which time, they insisted, the charter required the surrender to be made. The Court, however, held that the surrender was in time to make them liable. There was no question as to when their liability as *insurers* ceased; that had ceased long before the surrender of the policy, by the alienation, though they were still bound by the terms of their charter to pay on the policy whatever of unearned premium they held, or, rather, whatever proportion of the funds the assured was entitled to, at the time of the surrender, the company being organized on the mutual plan, and each insurer being a stockholder, entitled, " at the expiration of his policy," to demand and receive from the corporation his share of the remaining funds, in proportion to the sum or sums actually paid by him. Again, it is said, Code, section 2686, controls the case. Hardly. Plaintiffs, by letter, agreed to the proposal of the companies to cancel, upon the companies complying with the objections imposed upon them by

the contract, should they elect to cancel. They failed to do this; hence, no cancellation. Defendants also rely on *Taylor vs. The Merchants' Fire Insurance Company of Baltimore,* 9 Howard, Supreme Court Reports, 398. That case only goes to the extent that an offer made by mail and accepted cannot be revoked. So here, had the agent of the companies, before the loss occurred, paid the unearned premium to the agents of plaintiffs as the policy of insurance required him to do, if he wished to cancel, the plaintiffs could not have insisted on retaining the policy in force. The case in 9 Howard, however, refers to and approves *Eliason vs. Henshaw,* 4 Wheaton, 228, in which the Court say: "An offer of a bargain by one person to another imposes no obligation upon the former, unless it is accepted by the latter, according to the terms on which the offer was made. Any qualification of or departure from those terms invalidates the offer, unless the same be agreed to by the party who made it." The terms here were that the companies should pay the unearned premium to plaintiff's agent. These terms they departed from; hence, the offer was invalidated.

It is also argued with some ingenuity that, inasmuch as the law is, in cases of insurance, " if the loss has already occurred, and both parties are ignorant of it, the contract is valid," (Code, section 2758), therefore, the converse of the proposition must be true; and if a rescission of the contract is made in ignorance of the loss, it is equally as binding. The reply is, that insurance is often effected because loss has already probably occurred, though both parties are ignorant of it. This is not uncommon, in cases of vessels at sea; and the risk of a loss which may have already happened is provided for by the amount of premium charged, reaching sometimes as high as fifty or even seventy-five per cent. of the full value of the property insured. In case of cancellation, the manifest intention of the parties is to discharge the insurer from all *future* liability, and not to relieve him from any liability incurred under the contract. To illustrate: suppose

the goods in this case had been partially destroyed before cancellation of the policy, the cancellation would not relieve the companies from liability for that loss; but, for a total destruction afterwards, they would not be liable.

Judgment reversed.