PLANTERS' INSURANCE COMPANY v. WALKER LODGE NO. 19, I. O. O. F.

(No. 769, Op. Book No. 2, p. 264.)

APPEAL from Walker County.   Opinion by CLARK, J.

§ 758. *Insurance policy; cancellation of, by company, effected how; notice and tender.* Under the contract of insurance sued upon, it was incumbent upon appellant, in case it desired a cancellation of the policy before its expiration, to notify appellee that such cancellation had been made, accompanying the notice with a tender of the amount of premium for the unexpired term. Neither of these prerequisites, standing alone, could suffice to release appellant from its obligation; but both must concur, before, under the law, the appellant could avoid liability, and terminate the contract. The notice should be, in effect, that the contract is terminated, not that it will be terminated at a future day; and the amount to be returned should be paid or tendered to the assured. Holding it subject to his order, or leaving it at some place for him, is not sufficient, but the assured must be sought out and tender made; and these defenses must be established by proof. [Van Valkenberger v. Lenox Fire Ins. Co. 51 N. Y. 465; Hollingsworth v. Ins. Co. 45 Ga. 294; Ætna Ins. Co. v. Maguire, 51 Ill. 342; Peoria Ins. Co. v. Botto, 47

Ill. 516; Hathorn v. Germania Ins. Co. 55 Barb. 28.] As said in the Insurance Company v. Maguire *(supra):* "It is not sufficient for the company to say, your money is ready for you, subject to your order. The act of refunding and cancellation must be simultaneous. There is no obligation resting upon the assured to dance attendance at the place of business of an insurance company and await their pleasure. They know when they determine to cancel a policy, and forthwith, with their determination, they should tender the unearned premium. Until that is done, there cannot be a cancellation." The right to cancel belonged to appellant, by virtue of the contract, to be exercised at pleasure, but in exact and strict conformity to law, which is not disposed to favor by intendment a loose and totally defective exercise of the right.

March 17, 1880.              Affirmed.