33046.  SCONYERS *v.* PIERCE.

DECIDED OCTOBER 6, 1950.

*H. Alonzo Woods*, for plaintiff in error.

*Price & Spivey*, contra.

WORRILL, J.  A. A. Pierce sued Earl Sconyers for $424 for a breach of contract. The trial resulted in a verdict for the plaintiff for $150. The defendant made a motion for a new trial on the general grounds, and added one special ground which merely

restated the general grounds. The trial court overruled this motion and the exception here is to that ruling.

There was evidence to the effect that the plaintiff entered into a verbal contract with the defendant, whereby the plaintiff was to plant, cultivate, and harvest five acres of peanuts on certain land rented, leased, or controlled by the defendant; and that the defendant was to do certain things, including assisting in thrashing or picking the peanuts after they were harvested and in marketing them, and that each of the parties was to have a one-half interest in the crop; that the plaintiff fully performed his part of the contract, and harvested and stacked for drying about four tons of peanuts of a grade equal to or better than peanuts grown at the same time by the defendant on adjacent land; that the defendant failed or refused to have the peanuts thrashed, but instead turned his cattle and hogs into the field where they were stacked, and permitted the cattle and hogs to tear down most of the stacks; and that as a result of this they became worthless and a total loss.

The plaintiff testified that the defendant had said that the peanuts raised by him were as good or better than those raised by the defendant; that the defendant told him he had sold his (the defendant's) peanuts for $212 per ton or better than $200 per ton; and that he (the plaintiff) "was generally familiar with what peanuts were selling for—that was the prevailing price of peanuts of that kind at that time." He further testified that he had 21 stacks of peanuts in the field, stacked as high as he could reach with a hay fork, and he estimated that he had four tons of peanuts at least.

The evidence as to the value of the peanuts in question was admitted without objection. In regard to the testimony of the plaintiff as to what the defendant told him he had sold his peanuts for, we think that this evidence was admissible under the rule that oral admissions by a party are competent evidence against him. *Lumpkin* v. *American Surety Co.*, 69 *Ga. App.* 887, 899 (27 S. E. 2d, 412); Code, § 38-403. Even should this evidence be considered as hearsay, it would seem to be admissible under one of the recognized exceptions to the hearsay rule —namely that hearsay evidence is admissible to show market value. *Brooke & Co.* v. *Cunningham Bros.*, 19 *Ga. App.* 21(2)

(90 S. E. 1037); *Columbian Peanut Co.* v. *Pope,* 69 *Ga. App.* 26 (24 S. S. 2d, 710). Furthermore, the defendant was present in the court and did not deny that he sold his peanuts for the price testified to by the plaintiff, or that the market value or price was other than as testified to by the plaintiff. Neither did he dispute the plaintiff's evidence as to the quality of the peanuts grown by him, though he was on the stand and had ample opportunity to do so.

Though there was conflicting evidence as to the cause of the spoilage of the peanuts—the defendant contending that it was not his hogs and cattle that caused it by tearing down the stacks, but that the plaintiff did not stack the peanuts properly—it was a jury question, and a verdict for the plaintiff within the range of the testimony as to the market price and quantity having been rendered, the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*