## 39006. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. KENDALL *et al.*

482

Decided September 28, 1961.

Maxwell A. Hines, Peter W. Walton, for plaintiff in error.

Emory M. Hiers, Whelchel & Whelchel, Hoyt H. Whelchel, Jr., Wm. H. Riddlespurger, contra.

TOWNSEND, Presiding Judge. ■ The general demurrer is based on the proposition that the petition, by setting out contradictory statements of the insured, alleges both that she was and that she was not the owner of the vehicle in question, and that, these allegations being inconsistent and repugnant to each other, the conclusion must be reached that she was not the owner and accordingly that there was no insurance coverage, citing *Adams v. Johnson*, 182 Ga. 478, 480 (185 SE 805). The plaintiff, however, alleges the contradictory statements of Mrs. Miller simply for the purpose of building a base from which to destroy the contract rescission, without adopting these statements as being true, and further alleges that the policy was in full force and effect at the time of the collision. The petitioner, by alleging inconsistent positions on the part of the defendant, does not herself adopt such positions, and the allegations are therefore not subject to the criticism that they are self-contradictory so far as the plaintiff is concerned. The general demurrer was properly overruled.

■ "Rights against insurer arise immediately upon the happening of the accident and cannot be destroyed by attempted subsequent cancellation, release or compromise by insured and insurer." Blashfield, Cyclopedia of Automobile Law and Practice, Vol. 6, § 4071, p. 111. This point was raised in Indemnity Co. of America v. Pitts, (Tex. Civ. App.) 58 SW2d 53, 54, where it was held: "Secondly, that the petition shows that the policy in question has been canceled by agreement made between Kakisaki [the insured] and the company. . . It appears from the petition that at the time the agreement for cancellation of the policy was made between Kakisaki and the Indemnity Company, the accident in question had already occurred, and the liability which the Indemnity Company was bound to assume subject to the terms and conditions of the policy, had already become attached . . . [The plaintiff's] rights against the company, subject to the terms and conditions of the policy, accrued the moment the liability of Kakisaki for the personal injuries suffered by her arose." The petition here shows that the company's attempt to cancel the policy, and Mrs. Miller's acceptance and cashing of the returned premium check, occurred after the collision and after the plaintiff's action had been filed and was ready for trial. It follows that there could be no rescission by mutual consent in such manner as to affect the rights of Mrs. Kendall, and this regardless of whether or not the insurance company was guilty of actual fraud and collusion with Mrs. Kendall in attempting such rescission. This being the case, the allegations of the petition regarding such collusion are immaterial and any error in overruling the special demurrers, on the ground that the allegation is a conclusion of the pleader without facts to support it, would not affect the plaintiff's cause of action and consequently would not be harmful to the defendant. There was no special demurrer to these allegations on grounds that the allegation was immaterial and prejudicial to the defendant.

■ The motion for a judgment notwithstanding the verdict and the general grounds of the motion for a new trial insist that, in view of the sworn statements of Guest, and the sworn statements and testimony of Mrs. Miller, Guest and not she was the owner of the automobile, there is no evidence to support a ver-

dict against the insurance company for the reason that if Mrs. Miller was not the owner there was no coverage under the policy. This is true only if the prior admissions of the parties, including the proved actions of Mrs. Miller in making application for the policies in which she represented herself as the owner, in purchasing the Oldsmobile and in giving the note to the bank to finance its purchase can be considered only to impeach the witness, but it is not true if such admissions are sufficient within themselves to sustain the verdict. Admissions contained in an answer filed by the party in another case are competent evidence against him. *Printup v. Patton & Jackson*, 91 Ga. 422 (1) (18 SE 311). Also, oral admissions by a party are competent evidence against him. *Sconyers v. Pierce*, 82 Ga. App. 436 (61 SE2d 439). Where a party to the action is involved, in contradistinction to a witness who is not a party, the admissions need not be shown to be against interest when made in order to render them admissible. Green, Georgia Law of Evidence, *Admissions of a Party-Opponent*, Ch. XVII, p. 518 et seq. Nor should they be limited in effect merely to discrediting the testimony of the opposite party, but they may be considered as having a substantive probative value. 31 C.J.S., Evidence, § 273. Since Mrs. Miller's sworn testimony in this case was in conflict with her previous admissions and course of conduct, the jury, if it believed such admissions and found that she was in fact the owner of the Oldsmobile which she had purchased, necessarily disbelieved her testimony in this case, from which a finding would be demanded that she swore wilfully and knowingly falsely herein. It follows that they would have had to disregard all of the testimony of Mrs. Miller not corroborated by other evidence. *Code* § 38-1806. With this testimony out of the case there is nothing to show that Guest was purchasing the automobile, or that weekly payments for it were withheld from his wages, or that he had any interest in it whatever. The plaintiff was accordingly entitled to recover under the proved prior admissions and actions of Mrs. Miller and Guest. The evidence on the trial of the damage suit was not introduced in this case, and since that verdict could have been arrived at on the theory that Mrs. Miller, although she owned the automobile, had merely lent it to Guest and was not

guilty of negligence proximately causing the plaintiff's injuries, that judgment is not conclusive of any issue in this case relative to the ownership of the vehicle. The motion for judgment notwithstanding the verdict and the general grounds of the motion for a new trial are without merit.

■ The two special grounds of the amendment to the motion for a new trial contend that the trial court erred in not charging, both generally and as to the contentions of the parties, in such manner as to instruct the jury that the insurance company would not be liable for the amount of the judgment in the prior damage suit against Guest unless Guest was driving the vehicle with the permission of Mrs. Miller. If Mrs. Miller did not own the Oldsmobile the insurance company would not be liable in any amount, and if she did own the car the circumstantial evidence in the case indicated that the automobile was in his possession and customarily driven by him for his own convenience. In the absence of any evidence to the contrary, a finding would have been demanded, if the jury found Mrs. Miller the owner of the car, that Guest was driving it with her knowledge, consent and approval. Accordingly these grounds show no reversible error.

■ The motion to modify the judgment was properly overruled for the reason stated in the headnote.

The trial court did not err in any of the rulings complained of.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*