## 54044. ATLANTIC AMERICAN LIFE INSURANCE COMPANY v. HUDDLE HOUSE, INC.

MARSHALL, Judge.

Huddle House, Inc., filed an action to recover the face value of a life insurance policy it had purchased on the life of one of its franchisees. After the franchisee's association with the plaintiff insured was terminated, the plaintiff wrote its insurance agent on July 11, 1974, requesting that the policy be canceled "effective immediately." Thereafter, the defendant insurer immediately changed the preauthorized bank drafts in its possession, by which the premiums had been paid, to delete the premium on the policy, the last such payment being made on July 12, 1974. By letter to its agent dated July 15, 1974, the defendant stated, "In order that we can process your recent request, please send us the items and/or information checked below: 1. Complete the attached form and return it to the Home Office. 2. Forward the Policy Contract to us. [These two items were checked.]. . . Upon receiving your reply, we shall promptly continue processing your request. . ." Neither the policy nor the enclosed cash surrender value application was ever returned. The franchisee whose life was insured, died on November 10, 1974, and demand for payment was made on February 25, 1976.

The insurance policy contained no provisions for its cancellation per se. The policy provided, "If any premium is not paid when due such premium shall be in default, and at the expiration of the grace period hereinafter provided, this Policy shall lapse as of the date to which premiums have been paid and shall become of no value *except for non-forfeiture benefits as herein provided.*" (Emphasis supplied.) The policy contained several "non-forfeiture options," including extended term insurance, which provided that, "[t]he insurance hereunder will be continued as extended term insurance from the due date of the premium in default." Under the terms of the policy these options "may be elected by written request received by the Company at its Home Office not later than sixty days after the due date of any premium in default and prior to the death of the insured."

It further provided that "[i]f no election is made within sixty days after the due date of a premium in default the policy will be automatically continued as extended term insurance." The policy provided a formula for determining the period of extended term insurance.

The insurer appeals from the grant of summary judgment for the insured and the denial of its own summary judgment motion. *Held:*

There being no state statute governing cancellation of insurance policies which have no provisions for cancellation, as is the situation in the present case, the only means for cancellation is by mutual agreement of the parties, although the same result can be accomplished by not paying the premiums, followed by either the election of one of the nonforfeiture options or the automatic option for extended term insurance upon the absence of an option election.

The plaintiff insured's intention at the time it notified its agent to cancel the policy "effective immediately," would seem to be clearly evident, so that all that would have been required for the cancellation of the policy by mutual agreement was the defendant insurer's unqualified acceptance of the insured's offer of cancellation. Although the defendant's reply indicated its willingness to cancel the policy, it imposed two conditions precedent to cancellation, viz., completion and return of the cash surrender value application (which was one of the nonforfeiture options under the policy) and the surrender of the policy (which was a condition precedent to the election of the nonforfeiture option of payment of the cash value of the policy).

"It is a well-settled rule of law that when, as here, the insured is given the right or option under a life insurance policy to surrender the policy and accept its cash surrender value, such right or option constitutes and is a continuing offer on the part of the insurance company, which the insured has bought and paid for and, *when that right or option is accepted* by the insured, it fixes the rights of the parties without further action on the part of the insurer." (Emphasis supplied.) *Occidental Life Ins. Co. v. Templeton,* 219 Ga. 39, 43 (131 SE2d 530) (1963). The court in *Templeton* went on to point out, on p. 43, that such

option must be "exercised by a proper application for such value. . ." It is undisputed in the case sub judice that the plaintiff never complied with the conditions precedent of the defendant's conditional acceptance, or counter-offer. Thus, there was no cancellation by mutual consent or agreement. The fact that the defendant acted to delete the premium payments via the preauthorized bank drafts, does not raise a fact issue as to its consent to cancellation, because after it had taken this action, it imposed the two, above-mentioned conditions precedent.

The termination of the premium payments, although effected by the defendant, was done at the plaintiff's request. The effect of this action was to cause a default in the premium payments, which activated the non-forfeiture-option provisions of the policy referred to in the statement of facts hereinabove. Since the plaintiff made no election of options within 60 days after the due date of a premium in default, the automatic option for extended term insurance became effective under the terms of the policy. There was evidence that, at the time of the due date of the premium in default (August, 1974), the cash value of the policy would have purchased $20,000 of extended term insurance for a period of 303 days. Thus, the finding was demanded that extended term insurance coverage was in effect on the November 10, 1974, date of death of the party whose life was insured.

Accordingly, there was no genuine issue of material fact, the evidence demanded a judgment for the plaintiff, and the grant of summary judgment for the plaintiff and the denial thereof to the defendant was proper.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED JUNE 6, 1977 — DECIDED JULY 12, 1977 — REHEARING DENIED JULY 27, 1977 — 

*Bruce E. Taylor,* for appellant.
*Berthold & Gordon, Jerry L. Berthold,* for appellee.