64235. MUNICIPAL & INDUSTRIAL PIPE SERVICE, LTD. v. WALTER E. HELLER & COMPANY OF GEORGIA.

SHULMAN, Presiding Judge.

Following some confusion concerning to whom payments on an assigned account should be made, appellant tendered to appellee, the assignee, a check marked "payment in full." Because that check was for less than the full amount owed on the account when it was assigned, appellee brought suit against appellant. The trial court rejected appellant's defense of accord and satisfaction, ruling that the defense is available only when there is a bona fide controversy over the amount due. That decision was based on Code Ann. § 20-1204 (b). The trial court granted appellee's motion for summary judgment and denied appellant's cross motion. We reverse.

The check on which appellant's accord and satisfaction defense was based was tendered by appellant and accepted by appellee in December 1978. The Code section on which the trial court based its rejection of appellant's accord and satisfaction defense was enacted in 1979. At the time appellee accepted appellant's check with the notation "payment in full," the requirement that there be a bona fide dispute concerning the amount owed was not the law of this state. The law of accord and satisfaction as it existed at the time appellee accepted appellant's check was that if there was a tender made, "though it be less than the amount actually owed, and the tender be made upon the condition, express or implied, that it satisfies the

entire debt, and if the creditor accepts the tender, an accord and satisfaction results . . . 'The reason of this rule is that payment being made upon condition, the acceptance of the payment carries with it the acceptance of the condition.' " *American Associated Cos. v. Vaughan,* 213 Ga. 119, 120 (97 SE2d 144). Since appellant's check clearly indicated that it was payment in full of the debt, appellee's acceptance resulted in an accord and satisfaction and the debt was extinguished.

The subsequent enactment of subsection (b) of Code Ann. § 20-1204 has no application to the present case. Upon the acceptance of appellant's check, appellant had a vested right to consider the debt extinguished. Id. A subsequent act of the legislature cannot affect vested rights. Code Ann. §§ 2-107 and 102-104.

It follows that the trial court erred in rejecting appellant's defense of accord and satisfaction. That error led to two others: the grant of summary judgment to appellee and the denial of summary judgment to appellant.

*Judgment reversed. Quillian, C. J., and Carley, J., concur.*

DECIDED OCTOBER 1, 1982.

*Hugh Nations,* for appellant.
*Stephen M. Forte,* for appellee.