### 65304. QUINN v. NORTHLAKE PORSCHE AUDI, INC.

Birdsong, Judge.

Appellant Quinn alleges that in July, 1981, he took his automobile to appellee Northlake Porsche Audi for repair, but while on an unauthorized and unnecessary "test" run in Quinn's car, Northlake's employee Earl Pickens collided head-on with another vehicle, thereby causing severe damage to Quinn's car. Thereafter Northlake kept Quinn's car for over two months to perform repairs. In August, Quinn received a check from Northlake's insurer in the amount of $2,497.98 for the loss. This was the amount estimated by Northlake for repairs necessitated by the collision. Quinn kept the check until repairs were completed. Accompanying the check was a cover letter from appellee's insurer, Cotton States Ins. Co., reciting: "Enclosed, please find our draft in the amount of $2,497.98 covering your loss. If you have specified the body shop you wish to repair your car, we have forwarded your estimate to them.

"Enclosed, also, is our Release of all Claims Document which we request you read, sign, have witnessed and return in the envelope provided."

The enclosed "Release of All Claims" recited that Quinn "for the sole consideration of two thousand four hundred ninety-seven & 98/100 dollars ($2,497.98) . . . in hand paid, receipt whereof is hereby acknowledged, have remised, released, and forever discharged . . . *Earl Pickens/Northlake Porsche Audi* and . . . all other persons, firms, and corporations, of and from any and *all claims,* demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property, and the consequences thereof, resulting, and to result, from a certain accident which happened on or about the 31st day of July, 1981, for which I/WE have claimed the said Earl Pickens/Northlake Porsche Audi to be legally liable, which liability is hereby expressly denied. [Emphasis supplied.]

"Undersigned hereby declares that under the terms of the foregoing notice, which has been completely read and is fully and voluntarily accepted, the said Earl Pickens and Northlake Porsche Audi is not precluded from further assertion of claims against the undersigned.

"IN WITNESS WHEREOF, I have hereunto set my hand and seal . . ."; and the document contained blanks for the anticipated signatures of Quinn and two witnesses under seal.

Quinn did not execute this "Release of All Claims," and stated essentially in deposition that he purposely refrained from doing so because he did not intend to release appellee as set forth in the document. See, similarly, *Williams v. Physicians &c. Hospital,* 249 Ga. 588, 590 (292 SE2d 705).

The check for $2,497.98, however, contained on its back under the heading "RELEASE," a statement: "The endorsement and negotiation of this draft by the payee constitutes a full and *complete release by payee of any claims against the payor insurance company* for which it is contractually liable under the policy numbered on the face of the draft for the occurrence on or about the date specified *and a release to the policyholder specified and others entitled to protection under the policy for all legal liability to the payee because of personal injuries and damage to property* arising out of an accident occurring on or about the date specified on the face of the draft." (Emphasis supplied.) Quinn endorsed this check under the first signature line "Pay to the Order of Northlake Porsche Audi, John A. Quinn." He testified that he signed the check only so as to get his car out of the shop after two months, and that the check covered "to the penny" the property damage repair charge. He testified that he believed that his refusal to sign the document entitled "Release of All Claims" would preclude any such effect.

The trial court granted summary judgment to the appellee Northlake for accord and satisfaction, and Quinn appeals. *Held:*

In *Creamer v. Smith,* 161 Ga. App. 312-313 (287 SE2d 755), we distinguished a " 'general release' " releasing " 'the alleged tortfeasor . . . for *all* claims arising out of an occurrence,' " as opposed to " 'a release that by its terms relates solely to designated property damage and *does not include a complete release* [and which] may be executed and will be enforced according to its terms'. . . . *Glover v. Southern Bell Tel. &c. Co.,* 229 Ga. 874, 875 (1) (195 SE2d 11)."

The release on the check executed by Quinn stated only that his endorsement and negotiation "constitutes a full and complete release by the payee of *any claims against the insurance company* . . . and *a release to the policyholder [Northlake Porsche Audi]* . . . for all legal liability to the payee *because of personal injuries and damage to property* arising out of [the] accident." (Emphasis supplied.) By negotiating the check, Quinn released the insurer from any (all) claims, but released the appellee Northlake Porsche Audi only as to claim for *personal injuries* and *damage to property.* He specifically and purposely declined to execute the "Release of all Claims" that he might have against the appellee Northlake Porsche Audi. In fact, Quinn in the suit below against Northlake Porsche Audi has not claimed any amount for "personal injury and damage to property." He had no personal injury and does not claim for any property damage; all property damage was paid "to the penny" by the check. His suit is for other torts and damages arising out of the alleged negligence and breach of contract of the appellee concerning the collision. He never executed the paper which would have barred him from pursuing these claims. Under the rule in *Creamer,* supra, these documents are unambiguous in themselves. What Quinn released by executing the check is not being claimed in this suit; what he specifically refused to release — all other claims — is what he claims.

The trial court erred in granting summary judgment to the appellee Northlake Porsche Audi.

*Judgment reversed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 8, 1983.

*Macklyn A. Smith,* for appellant.
*William S. Shelfer, Jr.,* for appellee.