67611. DAVIS et al. v. FIRST OF GEORGIA INSURANCE MANAGERS, INC.

BENHAM, Judge.

In May 1976, the pregnant wife of appellant William Davis was injured in an automobile accident while riding as a passenger in a vehicle owned by Davis and insured by appellee, First of Georgia Insurance Managers, Inc. ("FGIM"), formerly known as First of Georgia Underwriters Company. The collision also injured the unborn child, causing her premature delivery. In exchange for $443.84, Mr. and Mrs. Davis signed a release discharging FGIM from any and all liability under the insurance policy's personal injury protection (PIP) coverage for injuries sustained by them. When FGIM denied coverage for the bodily injuries suffered by the child, appellant Deborah Shannon Davis, her father filed suit. After the trial court directed a verdict of $2,500 for PIP benefits, the jury returned a verdict awarding Davis a $600 penalty, $45,000 in punitive damages, and $2,000 attorney fees. While a motion for new trial was pending, Davis and FGIM entered into a stipulation of dismissal of the case with prejudice and agreed to

a $17,943.81 settlement. In consideration for that amount, Mr. Davis released FGIM "from all present and future claims of any kind or character, and all liability now accrued or hereafter to accrue, which [he had] or might have against [FGIM] on account of, or because of, all damages, claims, or causes of action, whether developed or undeveloped, arising out of the [PIP] coverage of [the policy] issued to [Davis by FGIM]." Each of the releases signed by the Davises was witnessed, approved, and certified by their attorney. The case was subsequently dismissed with prejudice.

On April 23, 1982, appellant William Davis, acting in an individual capacity and as next friend of his daughter Deborah Shannon Davis, filed the instant action against FGIM, seeking to recover those medical expenses which exceeded the $2,500 awarded by directed verdict that he had incurred on her behalf due to injuries arising out of the automobile accident. Appellants based their claim to the additional PIP benefits on Davis' act in December 1981 of tendering the premium for additional PIP coverage to FGIM. See *Jones v. State Farm &c. Ins. Co.*, 156 Ga. App. 230, 234 (274 SE2d 623) (1980), overruled in *Atlanta Cas. Co. v. Flewellen*, 164 Ga. App. 885, 890 (300 SE2d 166) (1982). See also *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709, 712 (300 SE2d 673) (1983). This appeal followed the trial court's grant of summary judgment to FGIM based on the doctrines of release and res judicata.

1. Citing *Flewellen v. Atlanta Cas. Co.*, supra, appellants contend that FGIM violated OCGA § 33-34-5 and is therefore barred from pleading the release as a defense. Id. Division 4 (a). However, the Supreme Court's holding in that division disallowed an insurance company which had violated OCGA § 33-34-5 to plead as a defense a general release given by that company's insured to the tortfeasor. That set of facts contrasts sharply with the circumstances of the present case where the release in question was given by the insured directly to the insurance company.

Appellants also argue that the release is inapplicable to the claims asserted by Deborah Shannon Davis through her next friend, William Davis, because the release contains no language which shows that William Davis signed it in anything but his individual capacity. "It is a maxim of contract law that the [release] should be so construed as to give effect to the parties' intentions." *Ga. Hwy. Express v. United Parcel Serv.*, 164 Ga. App. 674 (1) (297 SE2d 497) (1982). See *Foundry Systems & Supply v. Industry Dev. Corp.*, 124 Ga. App. 589 (185 SE2d 94) (1971). In the post-trial release he gave FGIM, Mr. Davis warranted that the injuries to his daughter and the expenses of medical treatment therefor were the basis for the PIP claim he was pursuing. Furthermore, in response to FGIM's request for admissions, Mr. Davis admitted that "at the time of the execution of the release,

it was the intent of [Davis] on behalf of the minor child to release any and all claims the minor child might have for medical expenses against the insurance company . . ." Since the release therefore covered the claims of both Davis and his infant daughter and the record contains no evidence which would support a finding of fraud in the execution of the release, the grant of summary judgment to FGIM was not error. See *Henry v. Anderson*, 164 Ga. App. 110 (2) (296 SE2d 410) (1982).

2. The doctrine of res judicata also supports the trial court's grant of summary judgment in favor of FGIM. "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." OCGA § 9-12-40. In the response to FGIM's request for admissions, Mr. Davis acknowledged that the parties and issues involved in the present action were the same as those in the settled lawsuit, which was dismissed with prejudice. That dismissal operated as an adjudication upon the merits. OCGA § 9-11-41 (b). Compare *Teal v. Reeves*, 144 Ga. App. 666 (242 SE2d 328) (1978). There being no evidence that the judgment entered has been reversed or set aside, it acts as a bar to future suits on the same issues between the same parties. OCGA § 9-12-40. " 'The adding of a claim for damages which grows out of the same factual situation does not amount to the adding of a new or different cause of action. [Cits.] If, then [Mr. Davis] could or should have included in the [first] suit his claim for damages [on behalf of the minor] he will not now be heard to assert it.' " *Smith v. Barfield*, 157 Ga. App. 231 (1) (276 SE2d 899) (1981). Since he could have assserted that claim in the first action and, in fact has admitted that he intended to dispose of that cause of action when he signed the release, the suit presently before us was barred by the operation of the doctrine of res judicata.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JUNE 26, 1984.

*Laurie C. Davis*, for appellants.
*James B. Gurley, Michael L. Wetzel*, for appellee.