70621. INTERNATIONAL INDEMNITY COMPANY v. MACK.
(337 SE2d 52)

BENHAM, Judge.

After her husband was killed in an automobile collision, appellee made a claim for $5,000 in PIP benefits under a policy issued by appellant. When appellant did not make payment pursuant to the policy, appellee brought suit. Appellant subsequently tendered a draft for $6,500 ($5,000 for PIP benefits; $1,500 for attorney fees), which appellee accepted. The lawsuit was then dismissed without prejudice. Appellee later made a claim for an additional $45,000 in optional PIP benefits, tendering the additional premiums for that coverage. See *Jones v. State Farm &c. Ins. Co.*, 156 Ga. App. 230 (274 SE2d 623) (1980). Appellant refused to pay, so appellee brought suit for the optional PIP coverage. This appeal is from a summary judgment for appellee awarding her $45,000.

Although appellant defended in the trial court on the ground that appellee had rejected the optional PIP coverage, that defense has been abandoned on appeal, leaving as the only issue appellant's other defense, release. The draft for $6,500 which appellant tendered in settlement of the first suit contained release language on both sides. The back of the draft provided as follows: "Endorsement of this draft by payee or payees is acknowledgment of full settlement, satisfaction, compromise and discharge of claims and demands of every nature and kind of loss, damage, injury or expense as set forth on the face of this draft." On the face of the draft appeared the words "In payment of any and all claims for dispute [sic] PIP claims and attorneys fees." It

is appellant's argument that appellee's negotiation of the draft constituted a release as to all liability for PIP benefits under the insurance policy. We disagree.

A release which by its terms relates solely to a designated claim and does not include a complete release will be enforced according to its terms. *Creamer v. Smith*, 161 Ga. App. 312 (287 SE2d 755) (1982). See also *Quinn v. Northlake Porsche Audi*, 166 Ga. App. 255 (304 SE2d 101) (1983). It is uncontradicted in this case that when appellant issued the $6,500 draft to appellee, the only claim then being disputed was one for the basic $5,000 PIP coverage provided by the policy as written. Since the claim for optional PIP benefits was not made until after the draft had been negotiated and appellee's first suit against appellant had been dismissed without prejudice, the only claim to which the release could have referred was the one for basic PIP benefits. We hold that *Creamer* and *Quinn*, when applied to the narrowly drawn release used in this case, require the conclusion that appellee's claim for optional PIP benefits was not released by negotiation of the $6,500 draft.

Appellant's reliance on *Davis v. First of Ga. Ins. Mgrs.*, 171 Ga. App. 347 (319 SE2d 517) (1984), and *Ga. Farm &c. Ins. Co. v. Musgrove*, 254 Ga. 333 (328 SE2d 565) (1985), is misplaced. In *Davis*, the release language was much more extensive in its scope than that used on the $6,500 draft in this case; the plaintiff there testified that he intended at the time he executed the release to release the very claim on which the second suit was brought, while the plaintiff here swore that she did not intend to release a claim for optional PIP benefits; and the dismissal of the first suit in *Davis* was with prejudice, an adjudication on the merits which this court held barred a subsequent suit, whereas the dismissal of the first suit in this case was without prejudice, which does not bar a second suit. *Barkett v. Jones*, 142 Ga. App. 835 (1) (237 SE2d 400) (1977). *Ga. Farm &c. Ins. Co.*, supra, is similarly inapplicable since the holding on which appellant relies was that a claim for optional PIP benefits would be barred by the doctrine of res judicata if there had been a final judgment in a case in which a claim for those benefits was or could have been raised. As was noted above, there was no final judgment in the present case which would serve to bar a subsequent suit.

Since neither the release nor the doctrine of res judicata barred appellee's claim for optional PIP benefits, the trial court did not err in denying appellant's motion for summary judgment or in granting appellee's motion for summary judgment.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

Decided October 18, 1985 —
Rehearing denied October 29, 1985 —

*Michael L. Wetzel*, for appellant.
*Edward E. Boshears*, for appellee.