## 70738. SUNBELT LIFE INSURANCE COMPANY v. BANK OF ALAPAHA et al.
### (337 SE2d 410)

CARLEY, Judge.

Appellant Sunbelt Life Insurance Company (Sunbelt) entered into an agreement to provide credit life insurance coverage to the debtors of appellee Bank of Alapaha (Bank). The underlying master policy provided that, in the event of the insured debtor's suicide within one year of the date of effective coverage, Sunbelt's liability would be limited to the return of the premiums paid. Mr. Sam Fuller applied for and received two loans from the Bank. A portion of the loan proceeds was used to pay the premiums to secure credit life insurance coverage from Sunbelt. Certificates of insurance were issued to Mr. Fuller by Sunbelt. On May 18, 1982, Mr. Fuller was found dead. A coroner's inquest subsequently determined that Mr. Fuller's death resulted "from the hands of unknown persons." A claim was submitted to Sunbelt for payment of benefits. Insofar as the record indicates, Sunbelt made the unilateral decision that Mr. Fuller had, in fact, committed suicide. Acting on its own determination as to the cause of Mr. Fuller's death, Sunbelt drew a check payable to the Bank in the amount of the premiums which it had been paid to provide coverage on Mr. Fuller's life. Attached to the check was a detachable statement bearing only the following notations: "flat cancellations: SB 536970 Sam Fuller" and "claim denial: SB 512237 Sam Fuller." Sunbelt sent the check and the Bank cashed it.

The Bank and the appellee-executors of Mr. Fuller's estate subsequently brought the instant action against Sunbelt, seeking a recovery of the credit life insurance benefits. Sunbelt answered and, among its other defenses, asserted that "[t]here has been an accord and satisfaction with respect to any obligation that [Sunbelt] may have . . . ." Sunbelt subsequently moved for summary judgment, asserting that it had "cancelled the insurance policy which formed the basis of [the] suit. . . ." It was Sunbelt's contention that, as a matter of law, its act of sending the check, coupled with the Bank's act of cashing it, established a defense to the asserted claim for benefits under the policy insuring Mr. Fuller's life. The trial court conducted a hearing and denied Sunbelt's motion but granted a certificate of immediate review. Sunbelt's application for an interlocutory appeal was granted in order that we might address certain issues concerning the accord and satisfaction defense in this State.

1. We note at the outset that notwithstanding any notation on the check and the wording of the motion for summary judgment, the instant case does not present any viable issue of "cancellation" as that legal principle is generally understood in the law of insurance. There is a difference between the cancellation of a policy and the lack

of coverage under the terms of a policy. See generally *Fox v. Mut. Benefit Health &c. Assn.*, 61 Ga. App. 835 (7 SE2d 403) (1940). "In case of cancellation, the manifest intention of the parties is to discharge the insurer from all *future* liability, and not to relieve him from any liability *incurred* under the contract." (Emphasis supplied.) *Hollingsworth & Moraque v. Germania &c. Ins. Co.*, 45 Ga. 294, 298 (1872). Thus, " 'a policy of insurance may be cancelled at any time *before loss*, by an agreement between the parties, and . . . such cancellation may be by the consent of the parties, express or implied from the circumstances, independently of the terms of the policy.' [Cit.]" (Emphasis supplied.) *Davidson v. State Farm Mut. Auto. Ins. Co.*, 161 Ga. App. 21, 24-25 (288 SE2d 832) (1982). The relevant events in the instant case did not occur prior to Mr. Fuller's death. Accordingly, there is no issue of a pre-loss mutual "cancellation" of the underlying policy. Compare *Davidson v. State Farm Mut. Auto. Ins. Co.*, supra; *Atlantic American Life Ins. Co. v. Huddle House*, 143 Ga. App. 52 (237 SE2d 520) (1977).

Sunbelt's potential liability for coverage under its policy arose "immediately upon the happening of [Mr. Fuller's death], subject to the terms and conditions of the policy. . . ." *State Farm Mut. Auto. Ins. Co. v. Kendall*, 104 Ga. App. 481 (2) (122 SE2d 139) (1961). "The right to cancel a policy of insurance entered into by the insurance company can be exercised only because it is reserved in the policy. . . ." *Farmers Mut. Fire Ins. Co. v. Harris*, 50 Ga. App. 75, 81-82 (177 SE 65) (1934). See also *St. Paul Fire &c. Ins. Co. v. C.I.T. Corp.*, 55 Ga. App. 101 (189 SE 390) (1936). Sunbelt did not reserve a right to deem the policy retroactively cancelled in the event of the insured-debtor's suicide. Moreover, even if it had, the evidence of record clearly shows that Sunbelt did not comply with the "mandatory" provisions of former OCGA § 33-24-44. See *Travelers Indem. Co. v. Guess*, 243 Ga. 559, 560 (1) (255 SE2d 55) (1979). Thus, there is no issue of "cancellation" under the terms of the policy.

What the policy did provide was that, in the event of suicide, "the *liability* of [Sunbelt] shall be limited to the return of premiums paid. . . ." (Emphasis supplied.) Thus, the sole issue in the instant case is whether Sunbelt's unilateral act of mailing the check and the Bank's act of cashing it shows, as a matter of law, an accord and satisfaction as to the extent of Sunbelt's liability incurred *under* the policy. Cases dealing with "cancellation" *of* a policy are therefore not applicable authority in the instant case. Cf. *Fox v. Mut. Benefit Health &c. Assn.*, supra.

2. OCGA § 13-4-101 defines what an accord and satisfaction is. OCGA § 13-4-103 (b), in essence, defines what an accord and satisfaction is not. "*Acceptance* by a creditor of a check, draft, or money order marked 'payment in full' or with language of equivalent condi-

tion, in an amount less than the total indebtedness, shall *not* constitute an accord and satisfaction *unless*: (1) A bona fide dispute or controversy exists as to the amount due; or (2) Such payment is made pursuant to an independent agreement between the creditor and debtor that such payment shall satisfy the debt." (Emphasis supplied.) OCGA § 13-4-103 (b).

It appears that OCGA § 13-4-103 (b) constitutes a statutory codification of the holding in *Sylvania Elec. Prods. v. Elec. Wholesalers*, 198 Ga. 870 (1) (33 SE2d 5) (1945): "In the absence of an independent agreement by a creditor that the acceptance of an amount less than the indebtedness will be taken, or is taken, in full settlement thereof, the mere acceptance of a check for a less sum than the amount of an unliquidated debt, remitted by the debtor with notice that it is in full satisfaction of the debt, will not amount to an accord and satisfaction unless there existed previously to the tender a *bona fide dispute by* the debtor as to the correctness of the amount of the debt." (Emphasis supplied.) The holding in *Sylvania Elec. Prods.* was itself expressly disapproved in *Rivers v. Cole Corp.*, 209 Ga. 406, 408 (73 SE2d 196) (1952): "[I]f a creditor remits a sum of money to his debtor, though less than the amount actually due, with the understanding, either express or implied, that it is in satisfaction of his debtor's claim, and the latter accepts and retains it, accord and satisfaction of the demand results therefrom, and the balance, insofar as our law is concerned, may not thereafter be recovered by the creditor in an action instituted for that purpose ([cit.]); and this is true under our law whether the debtor's claim or demand be liquidated or unliquidated, *disputed* or *undisputed*." (Emphasis supplied.) Thus, insofar as checks, drafts and money orders which contain words of condition are concerned, OCGA § 13-4-103 (b) has obviated the effect of the holding in *Rivers* and has elevated the holding in *Sylvania Elec. Prods.* to the current status of the applicable statutory law of this State with regard to accord and satisfaction.

Sunbelt relies almost exclusively upon cases which precede the effective date of OCGA § 13-4-103 (b) and which antedate the holding in *Rivers*, supra. For the reasons discussed above, those cases are no longer applicable authority as to the law of accord and satisfaction in circumstances such as exist in the instant case. Compare *Municipal & Industrial Pipe Svc. v. Walter E. Heller & Co.*, 163 Ga. App. 677 (296 SE2d 68) (1982). It is clear that under the existing statutory framework, one cannot rely upon another's mere "acceptance" of a check evincing limiting conditional language as constituting a completed accord and satisfaction. It must *also* be shown that, at the time of the tender, a bona fide dispute or controversy existed as to the amount due or that there was an independent agreement that acceptance of the check would satisfy the debt. See *Federal Ins. Co. v. Paulk*, 173

Ga. App. 266 (325 SE2d 886) (1985); *Carpet Transport v. TMS Ins. Agency*, 165 Ga. App. 734 (302 SE2d 421) (1983).

At the time Sunbelt sent the check, it had drawn its own conclusion that Mr. Fuller had committed suicide. However, there is no showing on the record before us that there was in existence a "dispute *between the parties* as to payment" for Mr. Fuller's death. (Emphasis supplied.) *Federal Ins. Co. v. Paulk*, supra at 268. The contemplated "controversy" or "dispute" is not one which is confined to the mind of the sender of the check, but must be communicated to the recipient other than by the mere employment of words of conditional payment appearing on the tendered check. Acceptance of a check containing mere words of conditional payment "will not constitute an implied accord and satisfaction unless a dispute as to the correctness of the amount of the debt shall have existed *previously to the tender*. [Cits.]" (Emphasis supplied.) *Sylvania Elec. Prods. v. Elec. Wholesalers*, supra at 873. Compare *Quinn v. Northlake Porsche Audi*, 166 Ga. App. 255 (304 SE2d 101) (1983) (check containing extensive release statement).

Moreover, "the dispute by the debtor must be bona fide. [Cits.]" *Sylvania Elec. Prods. v. Elec. Wholesalers*, supra at 873. When the evidence is construed most strongly against Sunbelt, a genuine issue of material fact remains with regard to whether, under the circumstances, predicating its actions on the basis of Mr. Fuller's purported suicide was bona fide. "Good faith requires something more than what [a] jury [would be] authorized to find was a mere arbitrary and capricious charge. . . ." *Sylvania Elec. Prods. v. Elec. Wholesalers*, supra at 876.

"The statute [is] not satisfied as a matter of law . . . [if] a material issue remain[s] as to whether or not there was a *bona fide dispute* over the amount due or that a controversy existed as to the amount due *when defendant's check was tendered and accepted*; or that plaintiff accepted the payment pursuant to *an independent agreement* that it shall satisfy the entire debt. [Cit.]" (Emphasis supplied.) *Carpet Transport v. TMS Ins. Agency*, supra at 736. In the instant case, Sunbelt relies *solely* upon the conditional language on the face of its check as evincing the creation of a bona fide controversy between the parties as well as the terms of the purported agreement between them resolving that controversy. Compare *Chrietzberg v. Kristopher Woods, Ltd.*, 162 Ga. App. 517 (292 SE2d 100) (1982) (check accompanied by itemized statement specifying deductions withheld from security deposit and issued pursuant to special statutory provisions in that regard); *Mobley v. Fulton Roofing Co.*, 173 Ga. App. 563 (327 SE2d 540) (1985) (accord and satisfaction not based solely on language of check). There is no evidence of a pre-existing bona fide controversy or of an independent agreement. Accordingly,

the Bank's "acceptance" of the check, even with notice of the conditional language, does not, as a matter of law, constitute an accord and satisfaction as to the extent of Sunbelt's liability under the policy. *Sylvania Elec. Prods. v. Elec. Wholesalers*, supra. The trial court did not err in denying Sunbelt's motion for summary judgment.

*Judgment affirmed. Sognier, J., concurs. Birdsong, P. J., concurs in the judgment only.*

DECIDED OCTOBER 30, 1985.

*William F. Welch, Keith A. Dunsmore, Gwendolyn R. Tyre, Daniel L. Studstill*, for appellant.

*J. Edwin Peavy, C. Dane Perkins*, for appellees.