11314.  KLINE CAR CORPORATION *v.* WATKINS MOTOR COMPANY.

STEPHENS, J.  1. "Pleas to the jurisdiction must be pleaded in person and must, when relied on, be pleaded specially, unless a want of jurisdiction appears on the face of the proceedings, in which case it may be taken advantage of. on motion." Civil Code (1910), § 5665.  The defendant, not having filed a special plea to the jurisdiction, cannot raise the question in his plea by a general denial of facts alleged in the petition showing jurisdiction of the person.

2. Where a contract provides that a sum of money deposited by one of the contracting parties with the other party as a guarantee for the faithful performance of the contract by the party making the deposit shall, upon the latter party's failure to faithfully perform his obligations under the contract, be appropriated by the other party and applied as liquidated damages, the party making the deposit may, after the expiration of the contract, recover the amount of the deposit when it appears that he had not in any way violated his obligations under the contract and is in no way indebted to the opposite party.

3. Where the contract provides that the party making the deposit shall at certain intervals during the life of the contract purchase automobiles from the other party, and further provides that the. other party will not be liable for any loss or damage thereunder arising from a nonperformance of his obligations to make the deliveries contracted for if such loss or damage is caused by fires, strikes, or causes beyond his control, a failure by him to make deliveries, when not due to any of such causes, amounts to a breach of the contract by him, absolving the other party from performing.

4. In a suit, therefore, by the party making the deposit, to recover the same, where the evidence shows no breach of the contract on his part, and fails to show that performance by the opposite party was prevented by fires, strikes, or causes beyond his control, a verdict for the plaintiff was authorized.

5. Where a party, under the contract, has the right to delay deliveries on account of such causes, a mere statement by him, assigning such causes as a reason for a failure by him to comply with his obligations under the contract, is not evidence in his behalf showing the existence of such causes.

6. While the existence of a war or any fact of general public notoriety may be taken notice of by the courts without proof, it does not follow that a court will take notice, without proof, that a failure to perform any particular act is due to the existence of a recognized war or any general public condition.

7. A party to a contract may, as in the instant case, make admissions tending to establish his liability,— as a statement by the party holding the deposit, promising to refund the deposit to the party who made it; and such evidence is not subject to the objection that it is extrinsic evidence seeking to vary the terms of a written contract.

8. It does not appear that a charge instructing the jury that the plaintiff carried the burden of proof would, under the evidence in this case, likely have produced a different result; and therefore a failure of the court so to charge, in the absence of any special request to do so, was not error.

9. The evidence authorized the verdict and no error of law appears.

*Judgment affirmed. Jenkins, P. J., and Hill, J., concur.*

DECIDED FEBRUARY 26, 1921.

Attachment; from city court of Dublin — M. H. Blackshear, judge pro hac vice. January 24, 1920.

*W. C. Davis,* for plaintiff in error. *Burch & Daley,* contra.