27575.   GLOVER v. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY et al.

Nichols, Justice. A collision occurred between a vehicle owned by Mrs. Julia H. Glover and being operated by

her husband, Carlton Henry Glover, and a truck owned by and being operated by an employee of Southern Bell Telephone & Telegraph Company in the course of its business. An agreement was reached as to the damage to Mrs. Glover's automobile and a release as to property damage to the automobile executed by both Mr. and Mrs. Glover. Thereafter, Carlton Henry Glover filed an action to recover for his personal injuries and the release was pleaded as a defense. By amendment to the original complaint the plaintiff sought to have the release set aside. Depositions were taken and a motion for summary judgment based upon such depositions was filed by the defendants. The trial court sustained the motion for summary judgment and the present appeal was filed. The sole enumeration of error complains of the grant of the summary judgment. *Held:*

1. Where a release is general, i.e. one that releases the alleged tortfeasor from liability for all claims arising out of an occurrence, in the absence of fraud such release will bar any cause of action by the person executing such release. See *Gregory v. Schnurstein,* 212 Ga. 497 (93 SE2d 680). Yet under *James v. Tarpley,* 209 Ga. 421 (1) (73 SE2d 188), a release that by its terms relates solely to designated property damage and does not include a complete release may be executed and will be enforced according to its terms.

2. The release in the case sub judice released the defendants ". . . from any and all present and future claims for *property damage to a 1963 Thunderbird* arising out of an accident involving company vehicle No. G6-1587-20, which occurred on or about the 14th day of August, 1967 . . ." (Emphasis supplied.) The release did not contain any terms which could be deemed as a general release of all claims or of any claim except the property damage to the automobile.

3. Although the plaintiff was not entitled to have the release set aside, the judgment of the trial court sustaining the defendant's motion for summary judgment based

upon the ground that the release barred the present action for personal injuries must be reversed.

*Judgment reversed. All the Justices concur.*

ARGUED NOVEMBER 15, 1972—DECIDED DECEMBER 4, 1972—
REHEARING DENIED DECEMBER 18, 1972.

*Robert John White, Larry Jewett,* for appellant.
*Matthew H. Patton, Tim Carssow,* for appellees.

ON MOTION FOR REHEARING.

The appellee contends that the opinion in the case sub judice is in conflict with the opinion in *Gregory v. Schnurstein,* 212 Ga. 497 (93 SE2d 680). The decision in that case was based upon splitting of a cause of action, and while it is applicable to successive actions brought to recover based upon one tortious act, yet where the parties agree by written contract to settle one facet of possible litigation and not all facets, it would be against public policy to extend such contract to matters admittedly outside such contract by the court rewriting the contract for them. The decision in *Gregory v. Schnurstein,* supra, which holds a contract to settle one element of damage arising as a result of a tort without settling all claims will bar an action for any other damages arising out of such tort is overruled as are other like cases.

*Rehearing denied.*