## 49451. SENTRY INSURANCE v. MELLS.

PANNELL, Presiding Judge.

On May 3, 1972, the SBA (Small Business Administration) granted a $25,000 loan to appellee, secured by a first lien on inventory, fixtures and equipment, with a proviso that appellee acquire hazard insurance and name the SBA in the mortgage clause. On January 10, 1973, appellee took out the required hazard insurance. About February 1, 1973, a fire occurred in the basement of the building occupied by the appellee, but was extinguished before damage to the insured property occurred. On February 3, 1973, a second fire destroyed the business and on March 2, 1973, appellee filed his sworn statement in proof of loss on policy 10-16783-01, claiming a $42,000 loss and signified SBA had an interest. An attorney for the appellant negotiated settlement with appellee and his business representative, a Mr. Udunka. The latter was to get one-third of the insurance money collected. Documentation then available showed the loss at $23,000, while the insured demanded $28,000. A

compromise figure of $26,000 was reached and appellee duly signed a release and indemnity agreement and thereafter was issued a bank draft payable jointly to him and SBA. An attorney at the SBA explained the wording on the draft, with particular reference to the language "any and all claims arising out of loss on 2-4-73" and cautioned appellee that once the draft was cashed that he had no further recourse. Appellee cashed the check and paid the SBA loan. Appellee is a high school graduate with two years of vocational technical school and can read and write.

In his complaint, appellee, in general, alleged a lack of consideration, failure to have a "meeting of the minds," failure of appellant to deliver a policy to appellee, and a general allegation of fraud. Count 2, as amended, sought equitable relief. Appellant filed its answer and set up defenses of accord and satisfaction and release and subsequently moved for summary judgment. Following a hearing the trial judge denied the motion and certified the case for immediate review and appeal followed. *Held:*

The record discloses that appellee had been engaged in the grocery business prior to his decision to obtain a loan from the SBA and venture into the auto parts business. He was a high school graduate with two years of vocational training. He admittedly could read and write. He was accompanied during negotiation by his contract bookkeeper and business advisor, who held a degree and master's degree in business administration. The "Release and Indemnity agreement" signed by appellee was a general release. Its terms were unambiguous. That appellee knew that it was a one-time settlement is evidenced by his testimony concerning the negotiations and settlement offer: "Well, I didn't say anything. I just set there, you know. I was thinking over [sic], and then I told Mr. Udunka, 'Well, I am not going to have enough money to pay my bills out of this, plus Udunka.' He said that he was going to charge a third for collecting the money. How am I going to pay the bills?" Further, after signing the release, receiving the check from the appellant, and going to the SBA with Mr. Udunka, the district counsel for that organization

advised him of the legal consequences of signing the check and advised him that if there were any questions he should see an attorney. Nevertheless, appellee proceeded to the bank with the draft where it was presented for payment.

The law is clear. See *Henry v. Allstate Ins. Co.,* 129 Ga. App. 223 (199 SE2d 338). If there existed a question in appellee's mind relative to release or payment, or if they were unsatisfactory, the release and draft should have been returned to the appellant. *Pan American Life Ins. Co. v. Carter,* 57 Ga. App. 294 (1) (195 SE 326). Instead, appellee cashed the draft and used the proceeds. He is bound by the release and an accord and satisfaction resulted. *Townsend v. Lewis,* 122 Ga. App. 135 (176 SE2d 457). "A party who can read must read, or show a legal excuse for not doing so. Fraud which would relieve a party who can read must be a fraud which prevents him from reading." *Southern Stages v. Fullington,* 66 Ga. App. 773 (19 SE2d 324); *Sutton v. McMillan,* 213 Ga. 90, 94 (97 SE2d 139). It must be presumed that appellee read the release and acquainted himself with the provisions. *Hatfield v. Colonial Life Ins. Co.,* 102 Ga. App. 630 (116 SE2d 900). No ground for avoiding the release appears, even if this action is in equity. *Gibson v. Alford,* 161 Ga. 672 (5) (132 SE 442).

We find no genuine issue of a material fact and the record demands that the appellant was entitled to a summary judgment.

*Judgment reversed. Quillian and Webb, JJ., concur.*

SUBMITTED MAY 30, 1974 — DECIDED SEPTEMBER 4, 1974.

*James H. Weeks,* for appellant.
*Martin, Skinner, Adkins & Horton, Russell L. Adkins, Jr.,* for appellee.