## 53140. ROBINSON v. BAKER.

DEEN, Presiding Judge.

Following an automobile collision which allegedly caused both personal injury and property damage to appellant Robinson, Baker's insurer delivered to him a check for $173.15 bearing on its face the statement "in payment of loss which occurred about (date of accident) 1-16 1976," and was coded "Coverage 200:1" which on the internal records of the insurer means property damage. On the back, above the endorsement, is the printed notice: "By endorsing this draft the payee accepts the proceeds of same in full payment of all claims arising from the loss or accident mentioned on the face hereof."

Robinson subsequently brought suit for damages for bodily injury, and the court granted Baker's motion for summary judgment based on the theory that accepting and cashing the check was an accord and satisfaction of all claims.

Settlement of a property damage claim only, where this is the intention of the parties, is not a bar to an action for personal injury arising from the same event. *Glover v. Southern Bell Tel. & Tel. Co.,* 229 Ga. 874 (195 SE2d 11). If, on the other hand, the intention is to settle the entire claim, then accepting and cashing the check is in fact an accord and satisfaction of all rights the plaintiff might otherwise have. *Rivers v. Cole Corp.,* 209 Ga. 406 (73 SE2d 196).

The present endorsement settled all claims "arising from the *loss or accident mentioned* on the face" of the check. The face of the check arguably indicates a *loss* on a given date and that the loss is a *property damage loss.* We arrive at this conclusion by (a) construing the motion most strongly against the movant; (b) taking into account a letter received shortly thereafter by the plaintiff from the defendant's insurer which referred to payment of $173.15 for "a property damage loss," and (c) whereas the plaintiff's affidavit states affirmatively that the check was intended by the parties to cover the property damage only, the affidavit of the claims adjuster who dealt with him is silent as to what the intention was, merely identifying the check. Had the endorsement been in

44

settlement of all claims for the *accident* we would reach a contrary conclusion. It is, however, in settlement of the *loss* referred to, as to which there is at least some evidence that only the property loss was dealt with.

It remains for a jury to decide after hearing all the evidence whether the parties intended a settlement of all claims arising from the accident, or only the claim for the property damage loss.

*Judgment reversed. Webb and Marshall, JJ., concur.*

ARGUED JANUARY 5, 1977 — DECIDED JANUARY 18, 1977.

L. B. Kent, for appellant.
*Hatcher, Stubbs, Land, Hollis & Rothschild, Albert W. Stubbs, Susan G. Elliott,* for appellee.