## 53591. DOYAL et al. v. DEPARTMENT OF TRANSPORTATION et al.

MARSHALL, Judge.

The appellants bring this appeal from the grant of summary judgment in favor of Fulton County. The Department of Transportation was not involved in the motion of which complaint is made. The litigation arises out of property damage caused when a storm drainage culvert collapsed, causing buildings owned by appellants and built over the culvert to shift and suffer material structural damage. It is not contested that the culvert collapsed or that the buildings suffered damage resulting from the collapse of the culvert, though Fulton County denies any responsibility for the culvert. The damage to the buildings occurred in 1973. Complaint was filed by the appellants in 1976. It likewise is not contested that the appellants, while making a verbal notification to Fulton County within 12 months of the incident, did not give formal written notice of the damage prior to the filing of

the suit. Fulton County moved for summary judgment based upon the applicable statute of limitation. The appellants enumerate as error the grant of the motion. *Held:*

Code § 23-1602 provides: "All claims against counties must be presented within 12 months after they accrue or become payable, or the same are barred . . ." The appellants contend that, under the language of this statute, the oral notice given to an officer of Fulton County constituted requisite notice. This, however, flies in the face of numerous cases holding to the contrary. These cases hold that, while the applicable statute requires simply that a claim be presented within 12 months, the cases have held that such claims must be presented in writing, and a mere oral statement is insufficient. *Powell v. County of Muscogee,* 71 Ga. 587 (1883); *Williams v. Lowndes County,* 120 Ga. App. 429 (170 SE2d 750) (1969); *Griffin Realty &c. Co. v. Chatham County,* 47 Ga. App. 545 (4) (171 SE 237) (1933); *Sparks v. Floyd County,* 15 Ga. App. 80 (82 SE 583) (1914).

The appellants do not deny the vitality of the line of cases calling for written notice, but attempt to circumvent their plain holding by asking this court to conclude that the prior cases are in error and should be overruled. This we cannot do even if we were so inclined (which we are not). Our Supreme Court has, in an unreversed opinion, concluded that the statute requires the claim to be presented in writing. *Powell v. County of Muscogee,* 71 Ga. 587, supra. This court is without authority to override the decisions of the Georgia Supreme Court. See *Azizi v. Board of Regents,* 132 Ga. App. 384 (208 SE2d 153) (1974); *Sumbry v. Land,* 127 Ga. App. 786 (195 SE2d 228) (1972); *Whitehead v. State,* 126 Ga. App. 570 (191 SE2d 336) (1972).

The facts reflect that a written claim was not submitted within the 12 months required by statute. There being no genuine issue of material fact, under the facts and law, the trial court did not err in granting summary judgment to Fulton County based upon the failure of the appellants to comply with the notice requirements of the statute. *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442) (1962).

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED MARCH 2, 1977 — DECIDED APRIL 21, 1977.

*Rolader, Barham, Davis, Graham & McEvoy, D. W. Rolader,* for appellants.

*Webb, Parker, Young & Ferguson, Thomas L. Murphy, Arthur K. Bolton, Attorney General, Roland F. Matson, Assistant Attorney General,* for appellees.