## 32586. STALLINGS v. CHANCE et al.

Per Curiam.

A writ of certiorari was granted to vacate Division 1 of the Court of Appeals' decision in *Stallings v. Chance,* 142 Ga. App. 491 (236 SE2d 110) (1977). The Court of Appeals in that division misapplied this court's holding in *Marietta Yamaha, Inc. v. Thomas,* 237 Ga. 840 (229 SE2d 753) to the circumstances in the instant case.

*Marietta Yamaha, Inc.* involved two separate appeals, the first from the grant of a partial summary judgment, and the second from the denial of a motion for summary judgment. Code Ann. § 81A-156 (h) provides that an order granting summary judgment on any issue or as to any party shall be subject to review by appeal. Therefore, the appeal from the grant of a partial summary judgment in *Marietta Yamaha, Inc.* was properly brought in this court under the procedure set forth for direct appeal.

Code Ann. § 81A-156 (h) further provides that "an order denying summary judgment shall be subject to review by direct appeal in accordance with the provisions of section 6-701 (a) 2." Looking to that Code section we find that where an order, decision or judgment is "not otherwise subject to direct appeal," a timely certificate for immediate review must be obtained. To be "otherwise subject to direct appeal," an order, decision or judgment must be final such that the cause is no longer pending in the court below under Code Ann. § 6-701 (a) 1, or involving an issue specified as directly appealable under

Code Ann. § 6-701 (a) 3. The denial of summary judgment in *Marietta Yamaha, Inc.* fit into neither of these directly appealable categories contained in Code Ann. § 6-701 (a). The cause remained pending in the trial court, and the issue involved was not specifically set out as being directly appealable. Thus, the only method for direct appeal was by obtaining a certificate of immediate review. This procedure was not followed, and the cross appeal for the denial of summary judgment was not allowed.

In the case now before the court, the appellant made a motion for summary judgment, alleging that appellee was liable for damages. This motion was denied. The appellee made a motion for summary judgment alleging appellant had no cause of action against him. This motion was granted. The grant of appellee's motion disposed of the entire case in the court below. No issue was left pending for decision. This had the effect of making appellant's denial of summary judgment a final judgment, and directly appealable under Code Ann. § 6-701 (a) 1. No certificate for immediate review was necessary because the denial judgment was "otherwise subject to direct appeal" and Code Ann. § 6-701 (a) 2 did not apply.

*Carroll v. Campbell,* 226 Ga. 700 (177 SE2d 83); *Souter v. Carnes,* 229 Ga. 220, 222 (190 SE2d 69); and *Southernaire Corp. v. Worley,* 230 Ga. 486 (197 SE2d 726), which cases were cited in *Marietta Yamaha, Inc.,* supra, were decided prior to the 1975 amendment to Code Ann. § 81A-156 (h), and will no longer be followed.

Due to the holding of the Court of Appeals in Division 2 of their opinion, the issue raised by Division 1 becomes moot, except for purposes of clarification.

*Division 1 vacated; Division 2 affirmed. All the Justices concur.*

DECIDED SEPTEMBER 6, 1977.

*G. Seals Aiken, Clyde W. Chapman,* for appellant.
*Dunaway, Haas & Broome, Al Bridges,* for appellees.