## 32777. CONKLIN v. LIBERTY MUTUAL INSURANCE COMPANY et al.

BOWLES, Justice.

This is an appeal from an order of the Superior Court of Fulton County which granted appellee's motion for summary judgment based upon a release executed by appellant in favor of the Liberty Mutual Insurance Company, appellee herein.

On November 30, 1974, an accident occurred between an automobile operated by an uninsured motorist and one owned by the appellant's wife, Elizabeth Anderson Conklin, in which appellant was riding as a passenger. Prior to the accident, appellee had issued a policy of automobile insurance to the named insured, Elizabeth Anderson Conklin. This policy was still in effect at the time of the accident and extended coverage to appellant under its uninsured motorist provisions.

Appellant filed a claim with Liberty Mutual for injuries and damages which he sustained as passenger in the insured vehicle. In consideration of the sum of $2,000, appellant executed a release and subrogation agreement, which document released appellee from any and all claims which appellant might have had against appellee under the uninsured motorist coverage of the policy issued to his wife.

Appellant's injuries resulted in additional operations and total disability following the execution of the release. In November of 1976, appellant brought this action against appellee seeking cancellation of the release on the grounds that it was "falsely and fraudulently obtained." Appellee answered the complaint, and, among other defenses, asserted that appellant had executed a valid and binding release which absolved appellee of any obligations owed to appellant under the contract of insurance that had been issued to his wife. Thereafter, appellee filed a motion for summary judgment supported

by the pleadings, the release agreement, depositions of both Carl and Elizabeth Conklin, and affidavits of Eben Lee Jones, Liberty Mutual's agent.

The dispute arises out of statements made during the settlement negotiations leading up to the execution of the release. Appellant asserted that he was told by appellee's adjuster that if his medical expenses exceeded $3,000, he would be paid the excess and an additional amount for pain and suffering under the uninsured motorist coverage of the policy. Appellee's adjuster, however, by deposition, stated that he told appellant that the sum of $2,000 was the absolute maximum which appellee would pay for his personal injuries.

Both appellant and his wife were present at the negotiations, are able to read, were given the release and subrogation agreement prior to the time it was executed, read portions of the release, and were not prevented in any way from reading all of the terms of the agreement.

The lower court entered an order granting appellee's motion for summary judgment on the grounds that the release satisfied all obligations owed by Liberty Mutual to appellant under the policy of insurance. Appellant now appeals that order, and we affirm.

On motion for summary judgment, the burden is on the movant, appellee herein, to negative, with necessary certitude, the appellant's claim. *Burnette Ford, Inc. v. Hayes,* 227 Ga. 551 (181 SE2d 866) (1971).

In the instant case appellant admitted he could read. By deposition he stated that he did not read the entire release and subrogation agreement, but only a portion thereof. The law is clear that "[W]here one who can read signs a contract without apprising himself of its contents, otherwise than by accepting representations made by the opposite party, with whom there exists no fiduciary or confidential relation, he can not defeat an action based on it, or have it canceled or reformed, on the ground that it does not contain the contract actually made, unless it should appear that at the time he signed it some such emergency existed as would excuse his failure to read it, or that his failure to read it was brought about by some misleading artifice or device perpetrated by the opposite party, amounting to actual fraud such as would

reasonably prevent him from reading it. [Cits.]" *Morrison v. Roberts,* 195 Ga. 45 (23 SE2d 164) (1942); *Cochran v. Murrah,* 235 Ga. 304 (219 SE2d 421) (1975).

Absent any artifice, trick or fraud used to prevent appellant from reading the entire release, and absent any fiduciary relationship existing between him and the insurance company, appellant is bound by the release and subrogation agreement. The record in this case is devoid of any grounds for avoiding the release. It is clear that "[n]o fiduciary relationship exists between one having a claim against an insured and the agent of a liability carrier who seeks settlement of the claim, and a release obtained by him from a party having a claim for damages is binding, even if the statements and representations made by him relative to liability or non-liability for the damages were incorrect or based upon erroneous reasons, unless he has prevented the claimant from making investigation of his legal rights in the premises. [Cits.]" *Wheat v. Montgomery,* 130 Ga. App. 202 (202 SE2d 664) (1973). Further, the record does not disclose any artifice, trick or actual fraud perpetrated upon appellant that would avoid the release. See *Wheat v. Montgomery,* supra; *Walsh v. Campbell,* 130 Ga. App. 194 (202 SE2d 657) (1973); *Henry v. Allstate Ins. Co.,* 129 Ga. App. 223 (199 SE2d 338) (1973).

The pleadings and evidence clearly show that appellant had settled his claim and the circumstances surrounding the settlement reveal no basis for avoiding the release. The grant of summary judgment in favor of appellee was proper.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 16, 1977 — DECIDED
OCTOBER 25, 1977.

*Scott Walters, Jr.,* for appellant.
*Nall & Miller, Robert B. Hocutt,* for appellees.