## 54667. MULLINAX et al. v. SHAW.

WEBB, Judge.

Dr. Allan F. Shaw provided over a two-year period extensive dental services to Mrs. Mullinax for which she paid him a total of $2,550. She complained to Dr. Shaw about the fitting of the upper plate, particularly because her lip would not stretch over her front teeth and was getting "puffy." She went to the dentist several times and he would take off a little of the cuspid. Her last visit was on March 11, 1974 because that morning about four o'clock she said she felt a muscle in her upper lip break. Her husband accompanied her, and after some discussion Dr. Shaw gave her his check for $700 on which was typed "endorsement of this check releases Dr. Allan F. Shaw from any further obligation, professionally and financially." Mrs. Mullinax read the words on the back of the check and the next day signed the check, deposited the funds to her account, and has spent the money. Almost two years later, March 3, 1976, Mr. and Mrs. Mullinax filed their complaints.

This appeal is from the grant of defendant's motion for summary judgment. Prior to the order granting judgment, the trial judge by order filed January 25, 1977 concluded that the acceptance by plaintiff of the check, in the absence of fraud, constituted an accord and satisfaction, but such accord might be subject to

avoidance under Code Ann. § 37-710.[1]

He thereupon ordered that "the court, sitting as a court of equity, will at the request of the plaintiff, schedule trial on any factual issues without the intervention of a jury as shall relate to the question of consideration or mental ability." Following a subsequent hearing on these two issues, the trial court made his findings of fact and conclusions of law. The court found "that the defendant did deliver over unto the plaintiff, who was then accompanied by her husband, Emmitt L. Mullinax, a sum of money which constituted the sum paid by plaintiff for the dental work which plaintiff claims to have been improperly done. Accordingly, there is no evidence of great disparity of consideration.

"Further, the court has inquired as to the matter of mental ability, and finds the plaintiff to be a mature, intelligent, adult, in full possession of every physical and mental faculty, and possessed of an eleventh grade education.

"Upon further contention by the plaintiff that she was emotionally distraught at the time, the court has considered the evidence, and finds that while plaintiff was, in fact, greatly disturbed over her physical condition, that such disturbance in no way impaired her mental ability. Additionally, it is without dispute that plaintiff, having received the check from defendant while accompanied by her husband, did not deposit the same until the following day. Accordingly, the court finds as a matter of fact that there was not 'great disparity of mental ability in contracting a bargain.' "

The trial court concluded that the use of its "equitable power in setting aside the accord is not justified" and granted summary judgment for defendant.

Appellants enumerate four alleged errors: (1) the granting of defendant's motion for summary judgment; (2) the ruling that the wording on the check constituted a

---

[1] "Great inadequacy of consideration, joined with great disparity of mental ability in contracting a bargain, may justify equity in setting aside a sale or other contract."

release as a matter of law; (3) failure of the trial court to submit to a jury whether on the facts there was a great disparity of mental ability between the parties; and (4) refusal to allow appellants to amend their complaints to raise the issue of fraud.

1. The first two enumerations of error present the issue of whether the uncontroverted facts and law are sufficient to support the grant of summary judgment. Plaintiffs contend that the words on the back of the check, which Mrs. Mullinax endorsed and cashed, did not constitute a release as a matter of law. The words on the check read "endorsement of this check releases Dr. Allan F. Shaw from any further obligation professionally and financially."

" 'When a party makes an offer of a certain sum to settle a claim, the amount of which is in bona fide dispute, with the condition that the sum offered, if taken at all, must be received in full satisfaction of the claim, and the party receives the money, he takes it subject to the condition attached to it, and it will operate as an accord and satisfaction.' [Cits.] The same ruling applies where the claimant, instead of receiving money as a settlement of his claim, receives a check or draft from the other party in full settlement of the claim. . . Where, without the practice of any fraud upon her, a plaintiff accepts, in full satisfaction of her claim, a lesser amount than what she claims is due her, there is an accord and satisfaction, and she is not entitled to a recovery. [Cits.]" *Holton Dodge, Inc. v. Baird,* 118 Ga. App. 316, 317 (1) (2) (163 SE2d 346) (1968).

"Where one who can read signs a contract without apprising himself of its contents, otherwise than by accepting representations made by the opposite party, with whom there exists no fiduciary or confidential relation, he can not defend an action based on it, or have it canceled or reformed, on the ground that it does not contain the contract actually made, unless it should appear that at the time he signed it some such emergency existed as would excuse his failure to read it, or that his failure to read it was brought about by some misleading artifice or device perpetrated by the opposite party, amounting to actual fraud such as would reasonably

prevent him from reading it." *Morrison v. Roberts,* 195 Ga. 45 (23 SE2d 164) (1942).

"[T]he creditor could not accept the check and repudiate the conditions which the debtor had attached thereto, but that in accepting the one he automatically and as a matter of law accepted the other and agreed thereto. Had the creditor, while in the very act of appropriating the proceeds of the check, loudly declared his disagreement with the terms upon which the tender was made, and such declarations had been communicated to the debtor, under the controlling decisions of this court he would nevertheless and despite such declarations have been held as a matter of law to have agreed to all of the conditions attached to the tender." *Sylvania Electric Products, Inc. v. Electrical Wholesalers, Inc.,* 198 Ga. 870, 879 (33 SE2d 5) (1945).

" 'If there existed a question in appellee's [assignor's] mind relative to release or payment, or if they were unsatisfactory, the release and draft should have been returned to the appellant. *Pan American Life Ins. Co. v. Carter,* 57 Ga. App. 294 (1) (195 SE 326). Instead, appellee [assignor] cashed the draft and used the proceeds. He is bound by the release. : .' *Sentry Ins. v. Mells,* 132 Ga. App. 553 (208 SE2d 566)." *American Security Van Lines, Inc. v. Amoco Oil Co.,* 133 Ga. App. 368, 370 (210 SE2d 832) (1974).

We find no merit in these enumerations.

2. The hearings on inadequacy of consideration and disparity of mental ability were held at the request of the plaintiffs before the trial judge without a jury. Although we find in the record no written waiver of trial by jury or any stipulation to that effect, they did appear before the trial judge and proceeded without reservation to have him hear the case on the specified issues without the intervention of a jury. We find nothing in the record to show objection to trial by the judge without a jury, but on the contrary action of the plaintiffs indicates a tacit waiver and consent. See *Jones v. Childs,* 141 Ga. App. 552 (1) (234 SE2d 87) (1977).

3. Appellants allege as error the trial court's refusal to allow them to amend their complaints to raise the issue of fraud, and they cite Code Ann. § 81A-115.

Subparagraph (a) provides: "A party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pre-trial order." The trial court, however, had entered its order of January 20 by which further proceedings were stayed until the court, "sitting as a court of equity, will, at the request of plaintiff, schedule trial on any factual issues without the intervention of a jury as shall relate to the question of consideration or mental ability." Though not so labeled, this was in effect a pre-trial order in that it limited the issues for trial, and controlled the subsequent course of action unless modified at trial. Code Ann. § 81A-116. The order was not modified nor did the plaintiffs move for modification. *Edwards v. Delvero,* 139 Ga. App. 880 (3) (229 SE2d 763) (1976).

"A pre-trial order should be liberally construed to allow the consideration of all questions fairly within the ambit of the contested issues. Where the question of precluding issues is raised, the matter is within the discretion of the trial judge. Where, as here, there can be no viable claim of surprise or unfairness in the court's consideration of the issue involved in the ruling, we will not conclude that the court abused its discretion. . ." in refusing to allow the third amendment. *Cooper v. Rosser,* 232 Ga. 597 (2) (207 SE2d 513) (1974).

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

Submitted October 5, 1977 — Decided October 26, 1977.

*S. M. Landress,* for appellants.
*Lokey & Bowden, Glenn Frick,* for appellee.