## 55842. BARLOW v. YENKOSKY et al.

BIRDSONG, Judge.

Barlow brought suit against J. P. Yenkosky and Judge R. M. Jones, a justice of the peace in Houston County, alleging malicious abuse of process. The trial court denied Barlow's motion for summary judgment against Yenkosky and Judge Jones, and granted Judge Jones' motion for summary judgment. Barlow's appeal is unaccompanied by an appropriate certificate of immediate review, as contemplated by Code Ann. § 6-701 (a) 2. *Held:*

1. "Denial of [a motion for] summary judgment is not reviewable by the appellate courts in the absence of a timely certificate of immediate review or the granting of an interlocutory appeal by the appellate court unless there be a final judgment in the case and the cause is no longer pending in the lower court. See *Marietta Yamaha,*

*Inc. v. Thomas,* 237 Ga. 840, 842 (2) (229 SE2d 753); *Stallings v. Chance,* 239 Ga. 567 (238 SE2d 327)." *Heller v. Magaro,* 144 Ga. App. 829 (1) (242 SE2d 722). Therefore, Barlow's appeal from the trial court's denial of his motion for summary judgment is premature and not reviewable.

2. The legal principle governing the trial court's grant of Judge Jones' motion for summary judgment is well-established, and was recently affirmed by the United States Supreme Court: "As early as 1872, the Court recognized that it was 'a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, (should) be free to act upon his own convictions, without apprehension of personal consequences to himself.' [Cit.] ... A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' [Cit.]" Stump v. Sparkman, 435 U. S. — (55 LE2d 331, 338); *Upshaw v. Olliver,* Dud., 241; *Gault v. Wallis,* 53 Ga. 675; *Long v. Carter,* 39 Ga. App. 508 (3). While Judge Jones admitted that his issuance of the warrant, pursuant to which Barlow was arrested, resulted from his mistaken apprehension of the wording of the pertinent statute, his actions were nevertheless within his jurisdiction and did not violate the standards enunciated in Stump v. Sparkman, supra. Accordingly, the trial court did not err in granting summary judgment in favor of Judge Jones.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

SUBMITTED MAY 15, 1978 — DECIDED JUNE 27, 1978 — REHEARING DENIED JULY 28, 1978 — 

*Marvin T. Morrow,* for appellant.
*Austin J. Kemp, II, R. Joneal Lee,* for appellees.