33724, 33725. DANIEL v. CONRAD; and vice versa.

NICHOLS, Chief Justice.

Daniel sued Conrad for damages arising out of personal injuries sustained in a motor vehicle collision. The complaint, as amended, also sought reformation of a release signed by Daniel which recited that Daniel

released Conrad "from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, both to person and property," arising out of a specified motor vehicle collision.

The alleged basis for reformation, supported by affidavits of and in behalf of the plaintiff, was that Daniel and the agent for Conrad's liability insurance carrier only agreed to settle Daniel's property damage claim, whereas the release signed by Daniel purports to settle Daniel's personal injury claim as well. The amended complaint alleged that the release misrepresented the agreement of the parties.

Daniel's affidavits and her deposition establish that Daniel is in her majority and is educated; that not only was Daniel able to read and to understand the release but also that she did, in fact, read the release and question its contents and meaning; and that ultimately, after discussing the contents and meaning of the release with the insurance agent, Daniel relied upon the representation of the agent that the release related only to her property damage claim.

The trial court entered summary judgment for Conrad and Daniel appeals.

Where the parties to a written instrument have equal opportunities and means of knowing the truth concerning the contents and meaning of the instrument, the courts generally have expected each party to rely upon his own discretion, rather than acting upon the representations of the other side. *Bass v. Seaboard A. L. R. Co.*, 205 Ga. 458, 467 (53 SE2d 895) (1949). Because no fiduciary relationship exists between a claimant and the insured's insurance carrier, a release obtained by the insurance agent is binding on the claimant even if the statements and representations made by the agent were incorrect or erroneous unless the agent by artifice, trick, or fraud prevented the claimant from reading the entire release. *Wheat v. Montgomery,* 130 Ga. App. 202 (202 SE2d 664) (1973); *Conklin v. Liberty Mut. Ins. Co,* 240 Ga. 58, 60 (239 SE2d 381) (1977).

Daniel read the release but then relied upon the

representations of the agent for Conrad's liability insurer as to whether the release covered personal injury claims as well as property claims. Daniel did not have a right to rely on the agent's representations. *Conklin,* supra. Accordingly, the trial court properly granted summary judgment to Conrad.

The judgment attacked in the main appeal (Case No. 33724) is affirmed for the reasons stated in the present opinion. "If the judgment is authorized for any reason, it must be affirmed." *Murrey v. Specialty Underwriters, Inc.,* 233 Ga. 804, 806 (213 SE2d 668) (1975). Accordingly, the cross appeal (Case No. 33725) raising the same issue need not be decided.

*Judgment in Case No. 33724 affirmed. Cross appeal in Case No. 33725 dismissed. All the Justices concur, except Hill, J., who concurs in the judgment only, and Hall, J., who dissents.*

ARGUED JUNE 20, 1978 — DECIDED SEPTEMBER 8, 1978.

*Hugh H. Howell, Jr., E. Ray Lanier, Jr.,* for Daniel.
*John F. Daugherty,* for appellee (Case No. 33724).
*Greer & Klosik, Richard E. Greer, John F. Daugherty,* for appellant (Case No. 33725).