56884, 56916. GARRETT et al. v. HEISLER et al.; and vice versa.

QUILLIAN, Presiding Judge.

Plaintiff husband brought a personal injury action for damages resulting from an automobile collision.

Plaintiff wife sought recovery for loss of consortium. Defendants contended that the plaintiff husband had executed a release in full settlement of all claims arising out of the accident. The trial judge granted defendants' motion for summary judgment as to the plaintiff husband but denied a motion regarding his wife. Plaintiff husband appeals from the grant in case 56884; while defendants appeal from the denial in case 56916. *Held:*

1. The plaintiff husband was issued and cashed a check in the amount of $560.71. On the face of the check it provided "In full settlement of Any and All Claims for Accident of 5/27/76." On the back of the check was the following language: "Important — all payees must endorse this draft. Your endorsement of this draft constitutes a full release of all claims you have or may have against any and all parties regarding the claim referred to on the face hereof."

While under certain circumstances a party may settle one claim without relinquishing another (see *State Farm Fire &c. Co. v. Fordham,* 148 Ga. App. 48 (250 SE2d 843)), specific language to this effect must be utilized or it must be clear from an examination of the agreement that the parties intended to settle only as to property damage. *Robinson v. Baker,* 141 Ga. App. 43 (232 SE2d 386). However, the language here employed can only be categorized as that of a general release, the effect of which is to settle both property damage and personal injuries sustained on the date and place in question. *Glover v. Southern Bell Tel. & Tel. Co.,* 229 Ga. 874, 875 (1) (195 SE2d 11); *Robinson v. Baker,* supra.

The proof offered on the motion showed no grounds for setting aside the release on the basis of fraud. *Sentry Ins. v. Mells,* 132 Ga. App. 553, 555 (208 SE2d 566);*Daniel v. Conrad,* 242 Ga. 119, 120 (249 SE2d 603). Nevertheless we find that the grant of the motion for summary judgment was premature.

Here we have defendants relying on a release obtained by their insurance company. Code Ann. § 56-408.1 (Ga. L. 1963, p. 643) provides that the relationship of independent contractor arises between the insurer and insured where the insurance liability policy provides that the insurer has "the right to compromise or

settle claims of third persons against the insured without the consent of the insured." Under that Act a settlement is not binding on the insured unless he consents thereto in writing. If the insured does not consent then the settlement is "of no effect, null and void" unless the third party is informed in writing of the insured's lack of consent.

By affidavit an agent for the insurance company stated that he handled the settlement on the behalf of the defendants. There was no showing that he or the insurance company obtained the written consent of the defendants. Under the circumstances here Code Ann. § 56-408.1 would ordinarily be applicable and in such instance compliance with its provisions would have to be established. See *Watson v. Hamil,* 122 Ga. App. 120, 123 (176 SE2d 276). However, no proof was offered in this regard and the record is silent as to its applicability and if so whether there was compliance with its terms. If the insurance company did not obtain the written consent of its insured, it was obligatory that it notify the plaintiff of such lack of consent in order to effectuate a binding release. In the present posture, it can not be said that the defendant is entitled to prevail as a matter of law since there was no showing that Code Ann. § 56-408.1 was not here pertinent and the record is devoid of proof tending to show compliance with its provisions.

The burden was on the defendants, as movants for summary judgment, to establish the non-existence of any genuine issue of fact. *Lansky v. Goldstein,* 136 Ga. App. 607 (222 SE2d 62). Summary judgment was not proper here.

2. (a) The cross appeal asserts it was error to deny the defendants' motion for summary judgment as against the wife's suit for loss of consortium. This was predicated on the trial judge's grant of summary judgment for the husband. Since we are reversing that judgment it was not error to deny the defendants' motion as to the wife.

(b) We have not dismissed the cross appeal although there is authority for so doing. In this case there was a grant of summary judgment as to one of the parties, but no final judgment since the cause remained pending. The grant of a summary judgment, while appealable, lacks the

requisite finality unless it disposes of the entire case in the lower court. *Stallings v. Chance,* 239 Ga. 567, 568 (238 SE2d 327), which in explaining *Marietta Yamaha v. Thomas,* 237 Ga. 840 (229 SE2d 753) pointed out: *Marietta Yamaha, Inc.* involved two separate appeals, the first from the grant of a partial summary judgment, and the second from the denial of a motion for summary judgment . . . The denial of summary judgment in *Marietta Yamaha, Inc.* fit into neither of these directly appealable categories contained in Code Ann. § 6-701 (a). The cause remained pending in the trial court, and the issue involved was not specifically set out as being directly appealable. Thus, the only method for direct appeal was by obtaining a certificate of immediate review. This procedure was not followed, and *the cross appeal for the denial of summary judgment was not allowed.*" (Emphasis supplied.)

In conformity with that authority this court has held: "Denial of summary judgment is not reviewable by the appellate courts in the absence of a timely certificate of immediate review or the granting of an interlocutory appeal by the appellate court unless there be a final judgment in the case and the cause is no longer pending in the lower court." *Heller v. Magaro,* 144 Ga. App. 829, 832 (1) (242 SE2d 722). Accord, *Randall v. Cruce,* 145 Ga. App. 861 (2) (245 SE2d 28); *Barlow v. Yenkosky,* 146 Ga. App. 872 (247 SE2d 519).

Nevertheless, the Supreme Court has recently considered a case in which a motion to dismiss was granted as to one party and denied as to another. The Supreme Court in *Executive Jet Sales, Inc. v. Jet America, Inc.,* 242 Ga. 307 (248 SE2d 676) reversed this court's decision in *Jet America, Inc. v. Gates Learjet Corp.,* 145 Ga. App. 258 (243 SE2d 584) which had dismissed the cross appeal complaining of the refusal to grant the party's motion to dismiss. The Supreme Court held that, construing Code Ann. §§ 6-701 (b) (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073); 6-802 (Ga. L. 1965, pp. 18, 20; as amended Ga. L. 1973, pp. 303, 304) and 6-803 (a) (Ga. L. 1965, pp. 18, 21; as amended Ga. L. 1968, pp. 1072, 1077) a party could cross appeal from a non-final judgment, even though the main appeal was from a judgment disposing of

only one of the parties and the case remained pending in the court below.

The only distinction between *Executive Jet Sales, Inc. v. Jet America, Inc.,* 242 Ga. 307, supra, and *Marietta Yamaha, Inc. v. Thomas,* 237 Ga. 840, supra, which is readily discernible is the language of the summary judgment provisions referring to "review by direct appeal" as to an order denying summary judgment.

Thus, predicated on the prior case law and the statute, there is a basis for treating the denial of a summary judgment as a law unto itself. However, absent any clarifying expression from the Supreme Court we are disinclined to unequivocally distinguish the *Executive Jet Sales* case. Instead we tread warily in the murky waters and follow the spirit of that case by considering the cross appeal on its merits.

*Judgment reversed in case 56884. All the Judges concur. Judgment affirmed in case 56916. Deen, C. J., Webb, P. J., Shulman, Banke, Birdsong and Underwood, JJ., concur. McMurray and Smith, JJ., dissent.*

ARGUED NOVEMBER 7, 1978 — DECIDED MARCH 8, 1979.

*Bussey & Thomas, Reuben T. Bussey, Jr., Antonio L. Thomas,* for appellants.

*King & Spalding, Byron Attridge, Nolan C. Leake,* for appellees.

McMURRAY, Judge, dissenting in part, concurring in part.

I concur fully in the reversal of the grant of summary judgment in Case No. 56884.

But this decision not only involves the grant of summary judgment in favor of the defendants (Case No. 56884) but a ruling against one of the two plaintiffs (Case No. 56916). The action of another plaintiff remains pending and there has been no express determination that there is no just reason for delay and express direction for entry of judgment pursuant to Code Ann. § 81A-154 (b) (Ga. L. 1966, pp. 609, 658; 1976, pp. 1047, 1049). The judgment is not final. Defendants cross appeal

from the denial of their motion for summary judgment in the action against them by the remaining plaintiff (Case No. 56916).

Rather than applying the decision of the Supreme Court in *Marietta Yamaha, Inc. v. Thomas,* 237 Ga. 840 (229 SE2d 753), so as to dismiss the cross appeal, the majority has applied the more recent decision of the Supreme Court in *Executive Jet Sales, Inc. v. Jet America, Inc.,* 242 Ga. 307 (248 SE2d 676), so as to avoid dismissing the cross appeal and permit consideration of the merits of the cross appeal. Although I agree that these are murky waters, I find a greater distinction between *Executive Jet Sales, Inc. v. Jet America, Inc.,* supra, and *Marietta Yamaha, Inc. v. Thomas,* supra, than recognized by the majority.

It almost goes without saying that this court is without authority to override the decisions of the Georgia Supreme Court. *Doyal v. Dept. of Transportation,* 142 Ga. App. 79, 80 (234 SE2d 858) and cits. It is our duty to presume that in each and every case the Supreme Court has done its duty and reconciled all of its holdings as its own duty demands. Indeed, decisions of the Supreme Court bind the Court of Appeals as precedents. Code Ann. § 2-3108 (Const. of 1976, Art. VI, Sec. II, Par. VIII).

Although the majority in effect finds *Marietta Yamaha, Inc. v. Thomas,* supra, to be implicitly overruled by the decision in *Executive Jet Sales, Inc. v. Jet America, Inc.,* supra, I feel that in view of the short time separating the date of the two decisions, the fact that both were authored by the same Justice, and the presumption that the Supreme Court has reconciled all of its holdings, it is incorrect to hypothesize that *Marietta Yamaha, Inc. v. Thomas,* supra, has been overlooked or overruled by implication. Therefore, I feel it is the duty of this court to attempt to determine the distinction which presumably separates these two cases.

The decision of the Supreme Court in *Executive Jet Sales, Inc. v. Jet America, Inc.,* is reached by construing three statutory provisions. The language of two of these statutes, Code Ann. §§ 6-802 (Ga. L. 1973, pp. 303, 304) and 6-803 (a) (Ga. L. 1966, pp. 493, 496) is broad and arguably applicable to the facts of *Marietta Yamaha, Inc.*

*v. Thomas,* supra. But the remaining statute, Code Ann. § 6-701 (b) (Ga. L. 1965, p. 18) is applicable only "[w]here an appeal is taken under any provision of paragraph (a) above." Appeals taken under the provisions of Code Ann. § 6-701 (a) (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073; 1975, pp. 757, 758), include only those where the judgment is final or in which the interlocutory appeals procedure has been followed.

The appeal in this case and in *Marietta Yamaha, Inc. v. Thomas,* supra, was not authorized by Code Ann. § 6-701 (a), supra, but by Code Ann. § 81A-156 (h) (Ga. L. 1966, pp. 609, 660;1967, pp. 226, 238; 1975, pp. 757, 759), which authorizes a review by appeal of an order granting summary judgment on any issue or as to any party. In contrast the judgment granting the motion to dismiss Gates Learjet in *Executive Jet Sales, Inc. v. Jet America, Inc.,* was entered as a final judgment (upon an express determination by the trial court that there was no just reason for delay and upon an express direction for the entry of judgment) pursuant to Code Ann. § 81A-154 (b), supra. See *Jet America, Inc. v. Gates Learjet Corporation,* 145 Ga. App. 258, 259 (243 SE2d 584). The appeal in *Executive Jet Sales, Inc. v. Jet America, Inc.,* supra, was therefore unlike the appeal in this case, but an appeal from a final judgment within the scope of Code Ann. § 6-701 (a), supra.

Because I feel that this case is controlled by the decision of the Supreme Court in *Marietta Yamaha, Inc. v. Thomas,* supra, I respectfully dissent. I would dismiss the cross appeal.

SMITH, Judge, dissenting in part.

I concur in the majority's reversal of the trial court's judgment in case No. 56884. However, as to case No. 56916, which is a "cross-appeal" from the denial of a motion for summary judgment, with the cause still pending in the trial court, the following holding mandates dismissal: "There is no provision for review of the denial of the summary judgment in Code Ann. §§ 81A-156(h) or 6-701(a) 2(A), except by *direct* appeal with a certificate of the trial judge and an application for review to the appropriate appellate court . . . Since the cross appeal in

this case was from the denial of a motion for summary judgment and the procedures for appeal provided for in Code Ann. §§ 6-701 and 81A-156 were not complied with, the appeal is not properly before this court and must be dismissed." *Marietta Yamaha, Inc. v. Thomas,* 237 Ga. 840, 842 (229 SE2d 753) (1976). Also determinative is a later discussion of *Marietta Yamaha:* "Code Ann. § 81A-156(h) . . . provides that 'an order denying summary judgment shall be subject to review by direct appeal in accordance with the provisions of section 6-701(a) (2).' Looking to that Code section we find that where an order, decision or judgment is 'not otherwise subject to direct appeal,' a timely certificate for immediate review must be obtained. To be 'otherwise subject to direct appeal,' an order, decision or judgment must be final such that the cause is no longer pending in the court below under Code Ann. § 6-701(a) 1, or involving an issue specified as directly appealable under Code Ann. § 6-701(a) 3. The denial of summary judgment in *Marietta Yamaha, Inc.* fit into neither of these directly appealable categories contained in Code Ann. § 6-701(a). The cause remained pending in the trial court, and the issue involved was not specifically set out as being directly appealable. Thus, the only method for direct appeal was by obtaining a certificate of immediate review. This procedure was not followed, and the cross appeal for the denial of summary judgment was not allowed." *Stallings v. Chance,* 239 Ga. 567, pp. 567-568 (238 SE2d 327) (1977).

*Executive Jet Sales, Inc. v. Jet America, Inc.,* 242 Ga. 307 (248 SE2d 676) (1978), upon which the majority relies, is inapplicable, as it involved a cross appeal from the denial of a motion to dismiss and not an attempt to cross appeal from the denial of a motion for summary judgment. In case No. 56916 defendants neglected to follow interlocutory review procedure, and that case not involving an issue stipulated to be appealable directly under Ga. L. 1965, p. 18, as amended by Ga. L. 1968, pp. 1072, 1078 and Ga. L. 1975, pp. 757, 758 (Code Ann. § 6-701 (a) (3)), I would dismiss the appeal.