## 61297. ANDREWS v. SKINNER et al.

CARLEY, Judge.

On April 17, 1979, appellant was involved in a three-car collision with appellees, Skinner and Davis. Subsequently, appellant brought suit against appellees, as joint tortfeasors, to recover for injuries sustained as a result of this collision. Appellees answered the complaint and asserted, among other defenses, that appellant had executed a release in satisfaction of *all* claims arising out of the collision on April 17, 1979. Relying upon the pleadings, the release agreement, the deposition of appellant, and the affidavit of the insurance agent negotiating the release, both appellees moved for and were granted summary judgment. This appeal follows.

It appears that shortly after the collision and prior to the institution of the present action, negotiations ensued between appellant and an agent of the insurance carrier of appellee Skinner. These negotiations culminated in the issuance of a draft made payable to appellant in the amount of $460. The draft is dated May 30, 1979 and states that it was payment for "release of *all* claims resulting from accident of *4-17-78."* (Emphasis supplied.) Also appearing on the face of the draft and in a pre-printed entry block designated "Accident or Loss Date" is the typewritten date of *"4-17-79."* On the back of the draft is a general release which states in part: "The endorsement and negotiation of this draft by the payee constitutes a full and complete release . . . for *all* legal liability to the payee because of personal injuries *and* damage to property arising out of an accident on or about the date specified on the face of the draft." (Emphasis supplied.)

It is undisputed that appellant endorsed and negotiated the draft and obtained the proceeds. Appellant admits that he has 13 years of education, that he can read, that he was not prevented from reading the language contained in the draft, and that, in fact, he did read both the front and back of the draft prior to endorsing the same. Furthermore, appellant admits that he was not involved in a collision

on *"4-17-78"* and that he fully understood to which collision the draft and release referred and that he had accepted the draft in relation to the collision of *"4-17-79."* However, appellant contends that he relied upon the representations of appellee Skinner's insurance agent that the release covered only the property damage to his automobile.

While appellant submits several theories in support of his contention that issues of fact exist precluding the grant of summary judgment, the main issue for resolution is whether or not the release on the draft which was signed by appellant vitiates, as a matter of law, his claim for personal injuries as a result of the collision on *"4-17-79."* Obviously, there is an ambiguity appearing on the face of the draft since in one place the date of the collision is stated as *"4-17-78"* and in another as *"4-17-79."* Appellant contends that this ambiguity mandates that the matter be submitted to the jury for a determination of the intentions of the parties. In the alternative, it is urged that if parol evidence is admitted to explain the patent ambiguity on the face of the draft and release, appellant should be permitted to explain his intentions and understanding in executing the release.

We commence our resolution of the issue before us by accepting as our basic premise that "even ambiguous contracts may be construed by the courts, and a jury question is presented only when the application of the rules of construction fails to resolve the ambiguity. [Cit.]" *L. Gregg Ivey, Inc. v. Land,* 148 Ga. App. 667, 668 (252 SE2d 88) (1979); *Southeastern Hwy. &c. Co. v. State Hwy. Dept.,* 130 Ga. App. 160, 165 (202 SE2d 520) (1973). Under the rules of construction set forth in Code Ann. § 20-704 (1) parol evidence is admissible to explain an ambiguity in a written contract, although such evidence is inadmissible to add to, take from, or vary the writing itself. *Columbia Nitrogen v. Dean's Power Oil,* 136 Ga. App. 879 (1) (222 SE2d 602) (1975); *Tanner v. Tinsley,* 152 Ga. App. 330 (1) (262 SE2d 602) (1979); Code Ann. § 38-502.

Applying the foregoing principles to the instant action, we conclude that the trial court did not err in granting summary judgment in favor of appellees. The only ambiguity appearing on the face of the instrument in question existed because two different dates were stated for the occurrence of the collision underlying the release. In his deposition appellant admitted that he was not involved in a collision on 4-17-78, that he fully understood to which collision the draft and release referred, and that he accepted the draft in relation to the collision on 4-17-79. As this testimony did not vary the written terms of the draft and release and was not inconsistent with them, it was admissible and was a probative explanation of the ambiguity.

*Kline Car Corp. v. Watkins Motor Co.,* 26 Ga. App. 338 (8) (106 SE 211) (1920). Thus, any factual issue in connection with the ambiguity appearing on the face of the instrument, the existence of which might otherwise have precluded the grant of summary judgment, was resolved by appellant's own testimony. We find no merit in appellant's contention that an equitable petition for reformation must have been filed before the trial court could construe the ambiguity appearing on the face of the instrument. *Gaulding v. Baker,* 9 Ga. App. 578 (71 SE 1018) (1911). The trial court, applying the rules of construction, construed the instrument and resolved the ambiguity and no jury issue was presented.

Contrary to appellant's contentions, the ambiguity appearing on the face of the instrument did not throw open the gates for admission of parol evidence. *Kennedy v. McLean,* 182 Ga. 898 (3) (187 SE 102) (1936). As we have held, parol evidence was admissible and probative in the instant case *only* in explanation of the instrument's ambiguity as to the date of the collision. Using that parol evidence the ambiguity was resolved and the only issue was then whether the instrument thus construed precluded appellant from a recovery against the appellees. " 'Where parties have reduced to writing what appears to be a complete and certain agreement, it will, in the absence of fraud, accident, or mistake, be conclusively presumed that the writing contains the entire contract, and parol evidence of prior or contemporaneous representations or statements is inadmissible to add to, take from, or vary the written instrument.' [Cit.]" *Bridges v. Avery & Sons,* 86 Ga. App. 9 (70 SE2d 550) (1952). Even assuming the insurance agent misrepresented the purpose or extent of the release, the record in this case does not disclose any artifice, trick or fraud perpetrated upon appellant to prevent him from reading the entire release. *Daniel v. Conrad,* 242 Ga. 119, 120 (249 SE2d 603) (1978); *Conklin v. Liberty Mut. Ins. Co.,* 240 Ga. 58, 60 (239 SE2d 381) (1977); *Riker v. McKneely,* 153 Ga. App. 773 (266 SE2d 553) (1980).

"The pleadings and evidence clearly show that appellant had settled his claim and the circumstances surrounding the settlement reveal no basis for avoiding the release. The grant of summary judgment in favor of appellee[s] was proper." *Conklin v. Liberty Mut. Ins. Co.,* supra.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED APRIL 8, 1981 —

*James A. Hardigg, Glenda W. Hardigg,* for appellant.

*I. J. Parkerson, John F. Daugherty, J. Blair Craig III,* for appellees.