## 63017. CREAMER v. SMITH.

CARLEY, Judge.

A collision between appellant's and appellee's automobiles occurred on July 12, 1980. Apparently several subsequent discussions and exchanges of correspondence between appellee and appellant's counsel took place regarding the property damage appellant had incurred in the collision. The subject of appellant's claim for personal injury damages arising from the collision was never specifically addressed. In the last week of August 1980, appellee phoned appellant and "inquired about the property damage to [her] automobile." In that conversation appellee "advised that he was going to send [appellant] a check for the damages to [her] automobile." In September appellant received a check from appellee in the mail which contained the following typed release language: "Endorsement and Payment constitutes a release for damages for car accident July 12, 1980." Appellant endorsed the check below the above quoted language and cashed it without conferring with her counsel, believing "the release was for the property damage."

On October 24, 1980, appellant filed suit against appellee seeking a recovery of damages as a result of personal injuries sustained in the collision. Appellee raised the release as a defense to the action and subsequently moved for summary judgment on that ground. The trial court found that appellant "generally released [appellee] from any and all alleged claims and liability arising out of the automobile accident between the parties on July 12, 1980" and granted the motion for summary judgment. It is from this order that appellant brings the instant appeal.

Appellee asserts that the release he secured by appellant's endorsement on the check constitutes a "general release" and that, there being no artifice, trick, or fraud preventing appellant from reading it, the release is binding on appellant and precludes her suit for personal injuries. See generally *Quinn v. Samples,* 156 Ga. App. 168 (274 SE2d 141) (1980).

A general release is "one that releases the alleged tortfeasor from liability for *all* claims arising out of an occurrence, [and] in the absence of fraud such release will bar any cause of action by the

person executing such release. [Cit.] Yet . . . , a release that by its terms relates solely to designated property damage and *does not include a complete release* may be executed and will be enforced according to its terms." (Emphasis supplied.) *Glover v. Southern Bell Tel. &c. Co.,* 229 Ga. 874, 875 (1) (195 SE2d 11) (1972). Although appellant in the instant case apparently suffered both personal injury and property damages in the collision, the "release" obtained by appellee was not " 'from *any and all* actions, causes of action, damages or demands of whatever name or nature in any manner arising . . .' " *Bennett v. Dove,* 93 Ga. App. 57 (4) (90 SE2d 601) (1955). Neither, by its terms, did the "release" refer to "all damages" appellant suffered in the collision. Compare *Townsend v. Lewis,* 122 Ga. App. 135 (176 SE2d 457) (1970). Nor did the "release" go to appellee's " 'further obligation' " to appellant (*Mullinax v. Shaw,* 143 Ga. App. 657 (239 SE2d 547) (1977)) or evidence " 'a full release of all claims.' " *Garrett v. Heisler,* 149 Ga. App. 240, 241 (253 SE2d 863) (1979); *Riker v. McKneely,* 153 Ga. App. 773 (266 SE2d 553) (1980). See also *Daniel v. Conrad,* 242 Ga. 119 (249 SE2d 603) (1978); *Conklin v. Liberty Mut. Ins. Co.,* 240 Ga. 58 (239 SE2d 381) (1977).

We find no cases, and appellee cites us to none, which hold that a mere pre-litigation release of "damages" without more is a release of all claims arising out of an occurrence when both property and personal injury damages are involved. We hold that a mere release of "damages" is ambiguous in a context where there are both property and personal damages in issue (see *State Farm Fire &c. Co. v. Fordham,* 148 Ga. App. 48, 52 (2) (250 SE2d 843) (1978)), the language being susceptible of contraction as either a "general" complete release of *all* damages or a release of part of the "damages." See *Riviera Equipment v. Omega Equipment Corp.,* 155 Ga. App. 522, 523 (3) (271 SE2d 662) (1980). See also *Brown v. Brigham,* 143 Ga. App. 178 (1) (237 SE2d 675) (1977); *Williams v. McCoy Lumber Industries,* 146 Ga. App. 380, 382 (2) (246 SE2d 410) (1978). Accordingly, on the evidence of record before us, it was error to grant appellee's motion for summary judgment on the basis that appellant has released whatever personal injury damage claims she had arising from the collision. See *Robinson v. Baker,* 141 Ga. App. 43 (232 SE2d 386) (1977). "Had the endorsement been in settlement of all claims for the *accident* we would reach a contrary conclusion. It is, however, in settlement of the [damages] referred to, as to which there is at least some evidence that only the property loss was dealt with. It remains for a jury to decide after hearing all the evidence whether the parties intended a settlement of all claims arising from the accident, or only the claim for the property damage loss." *Robinson,* 141 Ga. App. at 43-44, supra.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

Decided February 17, 1982.

*Gilbert H. Deitch, Gerald B. Kline,* for appellant.
*John F. Pendergast, Jr.,* for appellee.