64502. HENRY v. ANDERSON et al.

CARLEY, Judge.
Plaintiff-appellant brought a personal injury action against defendant-appellees for damages resulting from an automobile collision. Defendants affirmatively defended on the ground that plaintiff signed a general unqualified release after negotiations with defendants' insurer and, that, therefore, plaintiff was precluded from bringing the instant personal injury suit. Defendants moved for and were granted summary judgment. Plaintiff appeals.

1. Plaintiff contends that there was a question of fact as to whether the release applied only to property damage and, thus, was not effective to bar assertion of her personal injury claims.

The release signed by plaintiff provides, in pertinent part, as follows: "It is agreed that this Release shall apply to all known injuries and damages, as well as those unknown and unanticipated resulting from said accident, casualty, or event." It is clear that "[w]hile under certain circumstances a party may settle one claim without relinquishing another [cit.], specific language to this effect must be utilized or it must be clear from an examination of the agreement that the parties intended to settle only to property damage. [Cit.] However, the language here employed can only be categorized as that of a general release, the effect of which is to settle both property damage and personal injuries sustained on the date and place in question. [Cits.]" *Garrett v. Heisler* 149 Ga. App. 240, 241 (253 SE2d 863) (1979). If the release is otherwise valid, it constitutes a sufficient defense to the claims asserted in this

proceeding.

2. Plaintiff also argues that genuine factual issues remain with regard to her assertions that the release was procured by fraud. Plaintiff bases her claim of fraud on the fact that, although she is able to read, she cannot read well enough to understand legal documents. Plaintiff also contends that she relied upon the incorrect representations of the adjustor as to the contents of the release. "A party who can read must read, or show a legal excuse for not doing so. Fraud which would relieve a party who can read must be fraud which prevents him from reading." *Stoddard Mfg. Co. v. Adams,* 122 Ga. 802, 803 (50 SE 915) (1905); *Sloan v. Farmers & Merchants Bank,* 20 Ga. App. 123, 125 (92 SE 893) (1917). There is no contention that plaintiff was prevented by the adjustor from reading the release. Plaintiff did in fact read the release and, in addition, had a friend read and explain it to her. Furthermore, plaintiff did not have a right to rely on the adjustor's representations. See *Daniel v. Conrad,* 242 Ga. 119 (249 SE2d 603) (1978). The record contains no evidence which would support a finding of fraud in connection with the execution of the release. This enumeration is without merit.

3. Plaintiff's last enumeration of error is that the release obtained by defendants' insurance company violated the requirements of Code Ann. § 56-408.1 (Ga. L. 1963, p. 643). Under that statute, "the relationship of independent contractor arises between the insurer and insured where the insurance liability policy provides that the insurer has 'the right to compromise or settle claims of third persons against the insured without the consent of the insured.' Under that Act a settlement is not binding on the insured unless he consents thereto in writing. If the insured does not consent then the settlement is 'of no effect, null and void' unless the third party is informed in writing of the insured's lack of consent." *Garrett v. Heisler,* 149 Ga. App. at 241-242, supra.

Plaintiff contends that she was not informed in writing of the insured's lack of consent, and that, therefore, the release is "of no effect, null and void." The actual release does not contain language which would inform plaintiff "of the insured's lack of consent," and the record fails to otherwise demonstrate compliance with the requirements of the statute. "Under the circumstances here Code Ann. § 56-408.1 would ordinarily be applicable and in such instance compliance with its provisions would have to be established." *Garrett v. Heisler,* 149 Ga. App. at 242, supra. In the case at bar, the defendants offered no proof as to whether the insurance company obtained their written consent to the release. If the defendant-insureds did not consent to the settlement and the insurance company settled with the plaintiff without notifying

plaintiff of defendants' lack of consent, the release would be void. "In the present posture, it can not be said that the defendant[s are] entitled to prevail as a matter of law since . . . the record is devoid of proof tending to show compliance with [Code Ann. § 56-408.1]. The burden was on the defendants, as movants for summary judgment to establish the non-existence of any genuine issue of fact [Cit.]. Summary judgment was not proper here." *Garrett v. Heisler,* supra.

*Judgment reversed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED OCTOBER 25, 1982.

*Robert S. Windholz,* for appellant.
*George H. Connell, Jr., Douglas H. Jones,* for appellees.